IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LORI SHICKEL, both individually and as Mother and Next Friend of Jordan Shickel, a Minor, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Court No. 3:11-cv-03380-SEM-BGC |
| BLITZ U.S.A., INC; LAM 2011 HOLDINGS, LLC, f/k/a BLITZ HOLDINGS, LLC; KINDERHOOK CAPITAL FUND II, L.P.; BLITZ ACQUISITION HOLDINGS, INC.; BLITZ ACQUISIION, LLC; BLITZ RE HOLDINGS, LLC; F3 BRANDS, LLC; WAL-MART STORES, INC.; WAL-MART STORES EAST, INC.; AND WAL-MART STORES EAST, L.P. | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
WAL-MART STORES, INC., TO PLAINTIFF'S COMPLAINT**

Defendant WAL-MART STORES, INC., incorrectly sued as Wal-Mart Stores East, Inc. and Wal-Mart Stores East, L.P., ("Wal-Mart"), by and through Counsel, files this Answer and Affirmative Defenses to the Plaintiff's Complaint ("Complaint"), respectfully representing as follows:

**JURISDICTION AND IDENTIFICATION OF THE PARTIES**

1. This lawsuit stems from allegations of, inter alia, product liability and negligence. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Jordan Shickel, a minor, sustained significant and permanent personal injuries and through his mother Lori Shickel, is seeking well in excess of $75,000.00, exclusive of interest and costs, against the Defendants in this matter and diversity of citizenship exists between Plaintiff and Defendants.

ANSWER:   With respect to the allegations in Paragraph 1 of Plaintiff's Complaint, Wal-Mart denies that any of Plaintiff's damages were directly or proximately caused by any alleged act or omission of Wal-Mart. Wal-Mart also denies that the portable plastic consumer gasoline containers it sells are defective or unreasonably dangerous. Wal-Mart admits that diversity exists among the parties and believes Plaintiff seeks in excess of $75,000.00 in damages. As to the remainder of the allegations contained in the introductory paragraph, Wal-Mart is without sufficient factual information to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies the same.

2. Plaintiff Lori Shickel and her minor son Jordan Shickel are residents of Normal, Illinois.

ANSWER:   Wal-Mart is without sufficient factual information to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same.

3. Defendant Blitz U.S.A., Inc is an Oklahoma corporation that maintains its principal place of business in the State of Oklahoma.

ANSWER:   The allegations set forth in Paragraph 3 of Plaintiff's Complaint do not pertain to Wal-Mart. However, to the extent that it could be so construed, Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies the same.

4. Defendant, LAM 2011 Holdings, LLC (f/k/a Blitz Holdings, LLC) is a Delaware limited liability company.

ANSWER:   The allegations set forth in Paragraph 4 of Plaintiff's Complaint do not pertain to Wal-Mart. However, to the extent that it could be so construed, Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies the same.

5. Defendant Kinderhook Capital Fund II, L.P. is a Delaware limited partnership.

ANSWER:    The allegations set forth in Paragraph 5 of Plaintiff's Complaint do not pertain to Wal-Mart. However, to the extent that it could be so construed, Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies the same.

6. Defendant Blitz Acquisition Holdings, Inc. is a Delaware corporation.

ANSWER:    The allegations set forth in Paragraph 6 of Plaintiff's Complaint do not pertain to Wal-Mart. However, to the extent that it could be so construed, Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies the same.

7. Defendant Blitz Acquisition, LLC is a Delaware limited liability company.

ANSWER:    The allegations set forth in Paragraph 7 of Plaintiff's Complaint do not pertain to Wal-Mart. However, to the extent that it could be so construed, Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies the same.

8. Defendant Blitz RE Holdings, LLC is a Delaware limited liability company.

ANSWER:    The allegations set forth in Paragraph 8 of Plaintiff's Complaint do not pertain to Wal-Mart. However, to the extent that it could be so construed, Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9. Defendant F3 Brands, LLC is a Delaware limited liability company.

ANSWER:    The allegations set forth in Paragraph 9 of Plaintiff's Complaint do not pertain to Wal-Mart. However, to the extent that it could be so construed, Wal-Mart is without knowledge

or information to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies the same.

> 10. Defendant Wal-Mart Stores, Inc. is a Delaware corporation that does business in the State of Illinois and maintains its principal place of business in the State of Arkansas.

ANSWER:     With respect to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Wal-Mart admits it is a Delaware Corporation with its principal place of business in Arkansas, and that it does business in the State of Illinois.

> 11. Defendant Wal-Mart Stores East, Inc. is an Arkansas corporation that does business in the State of Illinois and maintains its principal place of business in the State of Arkansas.

ANSWER:     Wal-Mart denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and further states that Wal-Mart Stores East, Inc. is not a proper party to this action.

> 12. Defendant Wal-Mart Stores East, L.P. is a Delaware limited partnership that does business in the State of Illinois and maintains its principal place of business in the State of Arkansas.

ANSWER:     Wal-Mart denies the allegations contained in Paragraph 12 of Plaintiff's Complaint and further states that Wal-Mart Stores East, L.P. is not a proper party to this action.

> 13. Venue is proper in the Central District of Illinois, Springfield Division, pursuant to 28 U.S.C. Section 1391(a)(2) as the underlying tortuous conduct occurred in the Central District of Illinois and minor Jordan Shickel, received substantial medical care at memorial Medical Center, in Springfield, Illinois as a result of the significant injuries that he sustained.

ANSWER:     Wal-Mart is without sufficient factual information to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the same.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

> 14. Blitz is in the business of designing, marketing, manufacturing and selling portable plastic gasoline cans.

ANSWER:    Wal-Mart admits that Blitz designed, manufactured, marketed and sold portable plastic consumer gasoline containers for sale.

15. Blitz designed, manufactured, marketed and sold a model of gas can known as the Blitz Pull 'N Pour Gas Can (hereinafter "can" or "subject gas can").

ANSWER:    Wal-Mart admits that Blitz designed, manufactured, marketed and sold a model portable plastic consumer gasoline container known as the Blitz Pull 'N Pour Gas Can.

16. The can was sold by Blitz to Wal-Mart for distribution across the State of Illinois, including the Central District and within the Springfield Division.

ANSWER:    Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. The subject gas can was purchased fro Wal-Mart prior to October 11, 2009.

ANSWER:    Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. On or about October 11, 2009, Jordan Shickel was on a campout at the Yogi Bear Jellystone Park, Goodfield, Illinois, with his mother, Lori Shickel and other family members after pouring gas from the subject gas [sic]into a designated campsite fire pit, Jordan Shickel set the gas can on the ground near said fire pit, when a flame flash from the fire pit to the gas can's spout caused a flame to emit from the gas can spout.

ANSWER:    Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. As Jordan Shickel observed a flame being emitted from the spout, Jordan Shickel attempted to extinguish the flame by blowing on the flame as it was emitting from the gas can spout.

ANSWER:    Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20. The gas can then exploded and Jordan Shickel was covered in burning liquid gasoline.

ANSWER:   Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. Lori Shickel then extinguished Jordan Shickel's burning body.

ANSWER:   Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. Jordan Shickel suffered third degree burns over more than 50 percent of his body. Jordan Shickel was conscious and alert while experiencing excruciating pain and while waiting for medical personnel to arrive. Jordan Shickel spent months in various hospital burn units, suffering through at least six surgical procedures, multiple skin grafts and almost daily debridement procedures. As a result, Jordan Shickel is permanently scarred and disfigured both physically and psychologically.

ANSWER:   Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

## CLAIMS FOR RELIEF

## COUNT I – STRICT LIABIILTY

ANSWER:   Defendant, Wal-Mart, makes no answer to Count I of Plaintiffs' Complaint because Count I seeks no remedy against Wal-Mart, and is not directed against Wal-Mart. Alternatively, to the extent that Paragraph 23 could be construed as asserting allegations against Wal-Mart, Wal-Mart incorporates by reference the preceding averments contained in Paragraphs 1 through 22.  To the extent that Paragraphs 24 through 43 of Plaintiff's Complaint could be construed as asserting allegations against Wal-Mart, Wal-Mart denies the same.

## COUNT II – NEGLIGENCE

ANSWER:   Defendant, Wal-Mart, makes no answer to Count II of Plaintiffs' Complaint because Count II seeks no remedy against Wal-Mart, and is not directed against Wal-Mart. Alternatively, to the extent that Paragraph 44 could be construed as asserting allegations against Wal-Mart, Wal-Mart incorporates by reference the preceding averments contained in Paragraphs

1 through 43.  To the extent that Paragraphs 45 through 48 of Plaintiff's Complaint could be construed as asserting allegations against Wal-Mart, Wal-Mart denies the same.

## COUNT III – BREACH OF WARRANTY

ANSWER:     Defendant, Wal-Mart, makes no answer to Count III of Plaintiffs' Complaint because Count III seeks no remedy against Wal-Mart, and is not directed against Wal-Mart. Alternatively, to the extent that Paragraph 49 could be construed as asserting allegations against Wal-Mart, Wal-Mart incorporates by reference the preceding averments contained in Paragraphs 1 through 48.  To the extent that Paragraphs 50 through 55 of Plaintiff's Complaint could be construed as asserting allegations against Wal-Mart, Wal-Mart denies the same.

## COUNT IV

ANSWER:     Defendant, Wal-Mart, makes no answer to Count IV of Plaintiffs' Complaint because Count IV seeks no remedy against Wal-Mart, and is not directed against Wal-Mart. Alternatively, to the extent that Paragraph 56 could be construed as asserting allegations against Wal-Mart, Wal-Mart incorporates by reference the preceding averments contained in Paragraphs 1 through 55.  To the extent that Paragraphs 57 through 67 of Plaintiff's Complaint could be construed as asserting allegations against Wal-Mart, Wal-Mart denies the same.

## COUNT V – STRICT LIABILITY

68. Plaintiff Lori Shickel, both individually and as Mother and Next Friend of Jordan Shickel, her minor son, re-alleges, reasserts and incorporates Paragraphs 1 through and inclusive of Paragraph 67 as if fully set forth herein.

ANSWER:     Wal-Mart incorporates by reference herein its Answers to Paragraphs 1 through 67 of Plaintiff's Complaint, as though fully set forth as Answer to Paragraph 68 of Count V.

69. Wal-Mart marketed, distributed and sold the can which was defectively designed and unreasonably dangerous for its anticipated, intended and foreseeable use in the following ways:

ANSWER:   Wal-Mart is without knowledge or information to form a belief as to the truth of the allegations that Jordan Shickel used a gas container marketed, distributed and sold by Wal-Mart. Wal-Mart denies all remaining allegations contained in Paragraph 69, including subparagraphs (a) through (g), of Plaintiff's Complaint.

70. Wal-Mart had actually knowledge of the defects it he can and other Blitz cans as alleged above, Wal-Mart had actually joked about the dangers of the can at its management and supplier meetings, and Wal-Mart put the can into the stream of commerce, acting with complete indifference to, an din willful, conscious and reckless disregard for the safety of Jordan Shickel and other foreseeable plaintiff. After discovery is conducted, Plaintiff reserves the right to seek leave of the Court to amend her Complaint to seek punitive damages against Wal-Mart.

ANSWER:   Wal-Mart denies each and every allegation of Paragraph 70 of Plaintiff's Complaint.

71. Wal-Mart had actual or constructive knowledge of the defective conditions of the subject gas can alleged above at the tie it sold the can which ultimately caused Jordan Shickel's injuries.

ANSWER:   Wal-Mart denies each and every allegation of Paragraph 71 of Plaintiff's Complaint.

72. As a direct and proximate result of one or more of Wal-Mart's acts or omissions as described herein and as a direct and proximate result of the gas can's defective design, Wal-Mart is liable to Plaintiff pursuant to the provisions of Section 402A of the Restatement (Second) of Torts (1965).

ANSWER:   Wal-Mart denies each and every allegation of Paragraph 72 of Plaintiff's Complaint.

WHEREFORE, Defendant, WAL-MART STORES, INC., prays that this Court enter a judgment in its favor and against Plaintiff, LORI SHICKEL, both individually and as Mother and Next Friend of Jordan Shickel, a Minor, with all costs assessed to Plaintiff, and for such other and further relief that this Court deems just and proper.

## COUNT VI – NEGLIGENCE

73. Plaintiff Lori Shickel, both individually and as mother and next friend of Jordan Shickel, her minor son, re-alleges, reasserts and incorporates Paragraphs 1 through and inclusive of Paragraph 72 as if fully set forth herein.

ANSWER:    Wal-Mart incorporates by reference herein its Answers to Paragraphs 1 through 72 of Plaintiff's Complaint, as though fully set forth as Answer to Paragraph 73 of Count VI.

74. Wal-Mart owed consumers and/or foreseeable users, including Lori Shickel and Jordan Shickel, the duty of reasonable care in its marketing, distribution and sale of the Blitz can.

ANSWER:    Wal-Mart denies each and every allegation of Paragraph 74 of Plaintiff's Complaint.

75. Wal-Mart failed to act as a reasonable retailer, knowingly marketing, selling and even seeking to increase the sales of a product that caused severe burn injuries and/or death to Wal-Mart consumers at the time the can was sold by Wal-Mart.

ANSWER:    Wal-Mart denies each and every allegation of Paragraph 75 of Plaintiff's Complaint.

76. As a direct and proximate result of Wal-Mart's negligence, the can was marketed, distributed and sol in a defective condition, and it was unreasonably dangerous when used as intended and when put to reasonably anticipated and/or foreseeable use by persons such as Lori Shickel and Jordan Shickel.

ANSWER:    Wal-Mart denies each and every allegation of Paragraph 76 of Plaintiff's Complaint.

77. Jordan Shickel's injuries, and the manner in which they occurred, were reasonably foreseeable to Wal-Mart, which knew or should have known that individuals such as Jordan Shickel were being severely burned when encountering Blitz gas containers, including the subject can.

ANSWER:    Wal-Mart denies each and every allegation of Paragraph 77 of Plaintiff's Complaint, including all subparagraphs.

78. As a direct and proximate result of one or more of Wal-Mart's acts or omissions as described herein, Lori Shickel and Jordan Shickel suffered the injuries and harms outlined in this Complaint.

ANSWER:    Wal-Mart denies each and every allegation of Paragraph 78 of Plaintiff's Complaint.

WHEREFORE, Defendant, WAL-MART STORES, INC., prays that this Court enter a judgment in its favor and against Plaintiff, LORI SHICKEL, both individually and as Mother and Next Friend of Jordan Shickel, a Minor, with all costs assessed to Plaintiff, and for such other and further relief that this Court deems just and proper.

## COUNT VII – BREACH OF WARRANTY

79. Plaintiff Lori Shickel, both individually and as Mother an Next Friend of Jordan Shickel, her minor son, re-alleges, reasserts and incorporates Paragraph 1 through and inclusive of Paragraph 78 as if fully set forth herein.

ANSWER:    Wal-Mart incorporates by reference herein its Answers to Paragraphs 1 through 78 of Plaintiff's Complaint, as though fully set forth as Answer to Paragraph 79 of Count VII.

80. Wal-Mart is a merchant of gas cans.

ANSWER:    Wal-Mart admits that it purchases portable plastic consumer gasoline containers to sell to its customers.

81. In selling and placing the gas can into the stream of commerce, Wal-Mart impliedly warranted that the subject gas can was merchantable and fit for the ordinary, anticipated and foreseeable purposes for which it was intended to be used.

ANSWER:    Wal-Mart denies each and every allegation of Paragraph 81 of Plaintiff's Complaint.

82. Wal-Mart breached said implied warranty in one or more of the following respects, among others:

(a) Wal-Mart sold a gas can without a flame arrestor and/or other safety devices, thereby making it unfit for ordinary use, given that Wal-Mart knew it would be exposed to potential ignition sources;

(b) Wal-Mart participated in and had impacted the design of Blitz's gas cans and had the power to do the same, which it had exerted on Blitz;

(c) Wal-Mart failed to provide adequate warnings about the inherent dangers involved in the use of gas containers it sold despite Wal-Mart's extensive knowledge of gasoline given its sale of the same;

(d) Wal-Mart sold Blitz gas cans that contained manufacturing defects;

(e) Wal-Mart knew or should have known as the time it supplied the gas can that the can, as sold, was defectively designed because it posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer/purchaser, and the risks associated with this design outweighed its utility, thereby rendering the can unfit for ordinary use by average consumers; and

(f) Wal-Mart knew or should have known of other available gas cans that were designed to significantly reduce and/or eliminate the risk of flammable vapor ignition, and failed to offer such cans for sale and instead sold the defective subject gas can to Plaintiff's friend which was not appropriate for its ordinary anticipated use.

ANSWER:   Wal-Mart denies each and every allegation of Paragraph 82, including subparagraphs (a) through (f), of Plaintiff's Complaint.

83. As a direct and proximate result of Wal-Mart's breach of warranty, Lori Shickel and Jordan Shickel were injured.

ANSWER:   Wal-Mart denies each and every allegation of Paragraph 83 of Plaintiff's Complaint.

WHEREFORE, Defendant, WAL-MART STORES, INC., prays that this Court enter a judgment in its favor and against Plaintiff, LORI SHICKEL, both individually and as Mother and Next Friend of Jordan Shickel, a Minor, with all costs assessed to Plaintiff, and for such other and further relief that this Court deems just and proper.

## COUNT VIII – FAMILY EXPENSE ACT

## BLITZ U.S.A., INC.; LAM 2011 HOLDINGS, LLC f/k/a BLITZ HOLDINGS, LLC, HOOK CAPITAL FUND II, L.P.; BLITZ ACQUISITION HOLDINGS, INC.; BLITZ ACQUISITION LLC; BLITZ RE HOLDINGS, LLC; F3 BRANDS, LLC; WAL-MART STORES, INC.; WAL-MART STORES EAST, INC.; and WAL-MART STORES EAST, L.P.

84. Plaintiff Lori Shickel, both individually and as Mother and Next Friend of Jordan Shickel, her minor son, re-alleges, reasserts and incorporates paragraph 1 through and inclusive of Paragraph 83 as if fully set forth herein.

ANSWER:     Wal-Mart incorporates by reference herein its Answers to Paragraphs 1 through 83 of Plaintiff's Complaint, as though fully set forth as Answer to Paragraph 84 of Count VIII.

85. At all times pertinent herein, LORI SHICKEL was the mother of Plaintiff JORDAN SHICKEL, a minor.

ANSWER:     Wal-Mart is without sufficient factual information to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies the same.

86. As a direct and proximate result of the injuries sustained by JORDAN SHICKEL, a minor, LORI SHICKEL has become obligated for various medical expenses which have been incurred in the past and which will occur in the future pursuant to the provisions of 750 ILCS 65/15.

ANSWER:     Wal-Mart is without sufficient factual information to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies the same.

87. Plaintiff LORI SHICKEL, requests each and every Defendant to reimburse her for all past and future medical expenses which have been incurred in the past and which will be incurred in the future pursuant to the provisions of 750 ILCS 65/15.

ANSWER:     Wal-Mart denies Plaintiff is entitled to the relief sought from Wal-Mart in the Paragraph 87.

WHEREFORE, Defendant, WAL-MART STORES, INC., prays that this Court enter a judgment in its favor and against Plaintiff, LORI SHICKEL, both individually and as Mother and

Next Friend of Jordan Shickel, a Minor, with all costs assessed to Plaintiff, and for such other and further relief that this Court deems just and proper.

Wal-Mart further denies all averments not specifically admitted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Wal-Mart for which relief may be granted under Rule 12 of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Wal-Mart.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

There is insufficient process and insufficient service of process upon Wal-Mart.

### FIFTH AFFIRMATIVE DEFENSE

Pouring gasoline on a fire is not the intended, customary, or normal use for a gasoline container.

### SIXTH AFFIRMATIVE DEFENSE

Jordan Shickel's alleged injuries were proximately caused by the misuse of gasoline.

### SEVENTH AFFIRMATIVE DEFENSE

The injuries or damages allegedly sustained as a result of the allegations contained in Plaintiff's Complaint were the direct and proximate result of the acts of persons or entities not under the supervision or control of Wal-Mart, including Jordan Shickel, and Plaintiff's cause of action is therefore barred as to Wal-Mart or any recovery should be diminished as a result.

**EIGHTH AFFIRMATIVE DEFENSE**

Any alleged conduct by Wal-Mart did not proximately cause Plaintiff's damages.

**NINTH AFFIRMATIVE DEFENSE**

Any injuries or damages alleged to have been sustained by Jordan Shickel and/or Plaintiff are subject to the open and obvious defense, including the danger of pouring gasoline on a fire, and the doctrines of assumption of risk and contributory negligence.

**TENTH AFFIRMATIVE DEFENSE**

Any allegedly defective condition in the gasoline container described in Plaintiff's Complaint was the result of misuse, abuse, abnormal use, alterations, changes, and/or modification after it left the possession and control of Wal-Mart by person or entities over which Wal-Mart had no control, including Jordan Shickel, and, therefore, any recovery by Plaintiff as to Wal-Mart is barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

The gasoline container described in Plaintiff's Complaint was not in the same condition at the time of the events, injuries, and damages alleged as when it left the custody and possession of Wal-Mart.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims set forth in Plaintiff's Complaint are barred because, at the time the gasoline container described in Plaintiff's Complaint left the control of Wal-Mart, a practical and technically feasible alternative design or formulation was not available that would have prevented the alleged injuries or damages without substantially impairing the usefulness, safety, and/or intended purposed of the product.

### THIRTEENTH AFFIRMATIVE DEFENSE

All acts of Wal-Mart at the time of sale or distribution of the gasoline container described in Plaintiff's Complaint were consistent with applicable standards and codes and, therefore, any recovery by Plaintiff as to Wal-Mart are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

All acts of Wal-Mart at the time of sale or distribution of the gasoline container described in Plaintiff's Complaint were in conformity with the state-of-the-art at such times and were in conformity with the recognized and reasonably available and reliable scientific and technological knowledge, and therefore, any recovery by Plaintiff as to Wal-Mart is barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

The assessment of punitive damages, if any, violates Wal-Mart's constitutional rights under Article I § 8 and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and the United States Supreme Court's decisions in *Pacific Mutual Ins. Co. v. Haslip* and *State Farm Mut. Auto Ins. Co. v. Campbell*, and the Illinois Constitution, in one of more of the following respects:

a. The guidelines, standards, and/or instructions for assessing exemplary or punitive damages are vague, indefinite, and uncertain, supply no notice to Wal-Mart of the potential repercussions of its alleged conduct, set no limit on the damages that can be awarded, fail to require proof of every element beyond a reasonable doubt, do not allow adequate judicial review, and are subject to the unbridled discretion of the jury, thereby denying due process;

b. The assessment of exemplary or punitive damages is criminal or penal in nature, and therefore the rights given defendants in criminal proceedings are applicable;

    c. The assessment of exemplary or punitive damages amounts to the imposition of an unfair, unjust, and excessive fine and/or cruel and unusual punishment;

    d. The assessment of exemplary or punitive damages exposes Wal-Mart to multiple punishments and fines for the same alleged act;

    e. The assessment of exemplary or punitive damages discriminates against Wal-Mart in that its corporate status, wealth, or net worth may be considered by the jury in determining the amounts of any such damage awards and different amounts may be awarded against different defendants for the same act depending solely on the status or material wealth of the various defendants, thereby denying equal protection under the law;

    f. The assessment of exemplary or punitive damages does not provide an adequate procedure for the determination of such damages in violation of equal protection and substantive and procedural due process;

    g. The assessment of exemplary or punitive damages constitutes an impermissible burden on interstate commerce; and

    h. The assessment of exemplary or punitive damages constitutes an impermissible taking of private property for private use.

## SIXTEENTH AFFIRMATIVE DEFENSE

Wal-Mart did not consciously or deliberately engage in oppression, fraud, wantonness, or malice in any respect, much less with respect to Plaintiff and/or Jordan Shickel or the manufacture and design of portable plastic consumer gasoline containers, and therefore, Plaintiff is not entitled to a punitive instruction or award of punitive damages as to Wal-Mart.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Wal-Mart cannot be sustained to the extent it seeks to punish Wal-Mart for alleged harm to non-parties and/or persons who are not before the court.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff should not include any loss which could have been prevented by reasonable care and diligence.

### NINETEENTH AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution and applicable federal law, certain claims set forth in Plaintiff's Complaint are preempted.

### TWENTIETH AFFIRMATIVE DEFENSE

Wal-Mart denies that it is liable to Plaintiff under the Illinois Products Liability Act, 735 ILCS 5/2-1116.  Wal-Mart would affirmatively show that the portable plastic consumer gasoline containers sold by it were not defective or breached an express warranty, and Wal-Mart reserves the right to assert any other defense available to it under that act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Wal-Mart denies that it breached any express warranties or that it is liable to Plaintiff for any breach of express warranties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Wal-Mart denies that it breached any implied warranties and would affirmatively show that the portable plastic consumer gasoline containers sold by it were at all times reasonably fit and suitable for the purpose for which they were sold and that Plaintiff's injuries did not result

from any defect in the products, either by way of manufacturing, design, and/or warning or labeling.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

All claims alleged herein against Wal-Mart for breach of warranty are barred in whole or in part by the applicable statutes of limitation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Wal-Mart asserts that the investigation and discovery in this case are just beginning, and it reserves the right to amend its Answer and assert any and all defenses, including affirmative defenses, counterclaims, cross-claims or claims for affirmative relief against other parties and/or persons, which are applicable under the facts presented or discovered.

Defendant, WAL-MART STORES, INC., hereby demands trial by jury.

Respectfully submitted,

WAL-MART STORES, INC.

/s/Vincent Vigil
Vincent Vigil (6186207)
Gonzalez, Saggio and Harlan, L.L.C.
Two Prudential Plaza
180 N. Stetson Ave., Ste. 4425
Chicago, IL 60601
Phone: 312- 236-0475
Fax:    312-236-1750
E-mail:vincent_vigil@gshllc.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 12, 2011, I electronically filed the foregoing Answer and Affirmative Defenses of Wal-Mart Stores, Inc., to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record on the attached Service List.

/s/Vincent Vigil
Vincent Vigil (6186207)
Gonzalez, Saggio and Harlan, L.L.C.
Two Prudential Plaza
180 N. Stetson Ave., Ste. 4425
Chicago, IL 60601
Phone: 312- 236-0475
Fax:    312-236-1750
E-mail:vincent_vigil@gshllc.com

*Shickel v. Blitz U.S.A., Inc., et al.*
3:11-cv-03380-SEM-BGC

**SERVICE LIST**

**Attorneys for Plaintiff:**
Michael T. Mullen
Paul B. Episcope, LLC
77 W. Washington St., Suite 300
Chicago, IL  60602
Tel:     (312) 782-6636
Fax:    (312) 782-1114
Email: mtm@episopeltd.com

Diane M. Breneman
Breneman Dungan, LLC
311 Delaware
Kansas City, MO  64105
Tel:     (816) 421-0114
Fax:    (816) 421-0112
Email: db@litigationkc.com

**Attorneys for Blitz U.S.A., Inc.**
**LAM 2011 Holdings, LLC f/k/a Blitz Holdings, LLC,**
**Blitz Acquisition Holdings, Blitz Acquisition, LLC,**
**Blitz Re Holdings, LLC, and F3 Brands, LLC:**
Robert C. Maddox
Richards, Layton & Finger
920 N. King St.
Wilmington, DE  19801
Tel:    (302) 651-7700
Fax:    (302) 651-7701
Email: maddox@rlf.com