IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Lori Shickel, both individually and as Mother and Next Friend of Jordan Shickel, a Minor | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | No. 11 CV 03380 |
| Blitz, USA, Inc. LAM2011 Holdings, LLC f/k/a Blitz Holdings, LLC, Klinderhook Capital Fund II, L.P. Blitz Acquisition Holdings, Inc., Blitz Acquisition LLC, Blitz RE Holdings, LLC, F3 Brands, LLC, Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, L.P. | ) ) ) ) ) ) ) | |

### WAL-MART STORES, INC.'S MOTION TO TRANSFER FROM THE SPRINGFIELD DIVISION TO THE PEORIA DIVISION

Defendant Wal-Mart Stores, Inc. incorrectly sued as Wal-Mart Stores East, Inc. and Wal-Mart Stores East, L.P., "Wal-Mart", by and through its attorneys, Wiedner & McAuliffe, Ltd., and pursuant to Central District of Illinois Local Rule 40.1 submits this Motion to Transfer this case from the Springfield Division to the Peoria Division of the Central District of Illinois.

### FACTS

On October 10, 2011, Plaintiff, Lori Shickel, individually and as Mother and Next Friend of Jordan Shickel, a minor (Plaintiffs) filed their Complaint at Law in the United States District Court for the Central District of Illinois, Springfield Division. Plaintiffs' allegations of Strict Liability, Negligence and Breach of Warranty against Wal-Mart arise

out of an incident that occurred at the Yogi Bear Jellystone Park at 1467 Timberline Road, Goodfield, Woodford County, Illinois.

At the time of the incident, Plaintiffs were residents of Normal, Illinois. Normal is located in McLean County, Illinois. Upon information and belief, minor Plaintiff Jordan Shickel was eleven years old at the time of the incident and was attending and does now attend school in Normal, Illinois. Plaintiffs' Complaint alleges that at the time of the incident, minor Plaintiff was holding a gas can and pouring gas from the gas can into a fire pit. Plaintiffs' complaint further alleges that the minor Plaintiff "set the gas can on the ground near said fire pit, when a flame flash from the fire pit to the gas can's spout caused a flame to emit from the gas can spout." *See* Plaintiffs' Complaint at Exhibit A ¶¶ 2 and 18. Plaintiffs injuries allegedly occurred when the "gas can then exploded and Jordan Shickel was covered in burning liquid gasoline." *See* Exhibit A ¶¶ 20 and 22.

As a result of his alleged injuries, minor Plaintiff was airlifted to Memorial Medical Center in Springfield, Illinois where he received treatment for seven days. Following his treatment at Memorial Medical Center, minor Plaintiff was airlifted to Shriners Hospital for Children in Cincinnati, Ohio. Plaintiff spent approximately six weeks at Shriners in Cincinnati. *See* news Article as Exhibit B. Upon information and belief, following his treatment in Cincinnati, minor plaintiff returned to his residence in Normal, Illinois.

Plaintiffs allege that Wal-Mart sold the gas can at retail. Plaintiffs further allege that Blitz, USA, Inc. was the manufacturer, designer and distributor of the gas can allegedly involved in the incident.[1] Wal-Mart was served with Plaintiffs' Complaint on October 21, 2011. Wal-Mart filed its answer on December 12, 2011. There is a case

---
[1] Actions as to Blitz, USA are stayed due to the bankruptcy of Blitz, USA.

management conference before Judge Gorman on January 26, 2012. Judge Meyerscough has set a status conference for February 13, 2012. To date there have been no further proceedings and the parties have not yet commenced discovery.

## **ARGUMENT**

On the face of Plaintiffs' complaint, it is apparent that this lawsuit arises from an incident at a campground in Goodfield, Illinois which is located in Woodford County. At the time of the incident, Plaintiffs were residents of Normal, Illinois which is located in McLean County. Under the local rules of the Central District of Illinois, the Peoria Division is responsible for hearing cases arising from McLean County and Woodford County.

> *CD/IL LR* 40.1 provides that:
>
> Rule 40.1 Assignment of Cases and Place of Filing
> (A) PEORIA
>    All complaints and subsequent filings in cases which arise from the following counties: Bureau, Fulton, Hancock, Knox, Livingston, Marshall, McDonough, **McLean**, Peoria, Putnam, Stark, Tazewell, and **Woodford** will be filed at PEORIA, ILLINOIS, and heard by the judges of this court regularly sitting in PEORIA, ILLINOIS.

Although venue is proper in the Central District of Illinois, based on the foregoing, it is clear that Plaintiffs incorrectly filed this lawsuit in the Springfield District as it should have been filed in the Peoria District. This case arises out of a tort accident occurring in Woodford County. Plaintiffs were residents of Normal, McLean County, Illinois. Pursuant to *CD/IL LR* 40.1, the Peoria District hears cases arising from both Woodford and McLean Counties.

When cases are file in the incorrect division, Rule 40.1 requires that the case be transferred to the correct division. *See Aghi v. Commerce Bank* 2011 U.S. Dist LEXIS 112850, (C.D. Ill., 2011) (case filed in Urbana was transferred to Peoria when Plaintiff's claim arose out of her employment in Bloomington, McClean County, Illinois).

## CONCLUSION

Since the lawsuit arose solely from an incident that occurred in Woodford County, *CD/IL LR* 40.1 requires that this lawsuit be transferred from the Springfield Division to the Peoria Division.

WHEREFORE, Wal-Mart Stores, Inc. respectfully requests this Court, pursuant to Central District of Illinois Local Rule 40.1, transfer this case from the Springfield Division to the Peoria Division.

Respectfully submitted,

/s/ James W. Ozog
Attorney for Defendant, Wal-Mart Stores, Inc.

James. W. Ozog – 2130963
Wiedner & McAuliffe, Ltd.
One North Franklin, Suite 1900
Chicago, Illinois 60606
(312)855-1105

**CERTIFICATE OF SERVICE**

TO: Diane M. Breneman, Breneman Dungan, LLC, 311 Delaware, Kansas City, MO 64105 and Michael T. Mullen, Paul B. Episcope, Ltd., 77 West Washington, St. Suite 300, Chicago, IL 60602.

I, the undersigned, certify that I served **Defendant Wal-Mart Stores, Inc.'s Motion to Stay**, via ECF system and U.S. Mail, to counsel listed above on this 13th day of January, 2012.

Dated: January 13, 2012

/s/ James W. Ozog
Attorney for Defendant, Wal-Mart Stores, Inc.

James. W. Ozog – 2130963
Wiedner & McAuliffe, Ltd.
One North Franklin, Suite 1900
Chicago, Illinois 60606
(312)855-1105