E-FILED
Tuesday, 17 January, 2012  10:08:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Lori Shickel, both individually and as Mother And Next Friend of Jordan Shickel, a Minor | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 11 CV 03380 |
| Blitz, USA, Inc. LAM2011 Holdings, LLC f/k/a Blitz Holdings, LLC, Klinderhook Capital Fund II, L.P. Blitz Acquisition Holdings, Inc., Blitz Acquisition LLC, Blitz RE Holdings, LLC, F3 Brands, LLC, Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, L.P. | ) ) ) ) ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF WAL-MART STORES INC.'S
MOTION TO STAY CASE PENDING RESOLUTION OF
BLITZ USA, INC.'S BANKRUPTCY ACTION**

Defendant Wal-Mart Stores, Inc. incorrectly sued as Wal-Mart Stores East, Inc. and Wal-Mart Stores East, L.P., ("Wal-Mart"), by and through its attorneys, Wiedner & McAuliffe, Ltd., submits this Memorandum of Law in Support of its Motion to Stay Case Pending Resolution of Blitz USA, Inc.'s Bankruptcy Action pursuant to the Court's inherent power to manage its docket.

**I.  BACKGROUND INFORMATION**

On October 10, 2011, Plaintiff, Lori Shickel, individually and as Mother and Next Friend of Jordan Shickel, a minor (Plaintiffs) filed their Complaint at Law for personal injuries in the United States District Court for the Central District of Illinois, Springfield Division[1]. Plaintiffs'

---

[1] Plaintiffs' case was incorrectly filed in the Springfield Division, and on January 13, 2012, Wal-Mart filed a Motion to Transfer the case to the Peoria Division pursuant to Local Rule 40.1.

allegations of Strict Liability, Negligence and Breach of Warranty against Wal-Mart arise out of an incident that occurred at the Yogi Bear Jellystone Park at 1467 Timberline Road, Goodfield, County of Woodford, Illinois.  Plaintiffs' Complaint alleges that at the time of the incident, minor Plaintiff was holding a gas can and pouring gas from the gas can into a fire pit.  Plaintiffs' Complaint further alleges that the minor Plaintiff "set the gas can on the ground near said fire pit, when a flame flash from the fire pit to the gas can's spout caused a flame to emit from the gas can spout."  *See* Plaintiffs' Complaint at ¶¶ 2, 18.  Plaintiffs' injuries allegedly occurred when the "gas can then exploded and Jordan Shickel was covered in burning liquid gasoline."  *See* Plaintiffs' Complaint ¶¶ 20, 22.  Plaintiffs allege that Wal-Mart sold the gas can at retail.  Plaintiffs further allege that Blitz, USA, Inc. was the manufacturer, designer and distributor of the gas can allegedly involved in the incident.

## II.  SUMMARY OF THE ARGUMENT

Blitz U.S.A., Inc. ("Debtor Defendant/Blitz"), one of the co-defendants in this action, filed for bankruptcy protection in Delaware under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on November 9, 2011.  Plaintiffs' claims in this action against the Debtor Defendant/Blitz have been stayed under 11 U.S.C. §362(a) and now constitute claims in the United States Bankruptcy Court for the District of Delaware, Bankruptcy No. 11-13603 to be heard before Judge Peter J. Walsh or a Federal District Judge.  However, Plaintiffs' claims against Wal-Mart remain in this Court.

In the Bankruptcy Court, the Debtor Defendant/Blitz did seek a temporary restraining order enjoining litigation against co-defendants such as Wal-Mart.  Judge Walsh, while denying the specific relief sought, recommended that Wal-Mart seek stays from the individual District Courts and recommended that the District Court Judges grant those stays.

> **Look, why don't you take a – pick a particular case where the Debtor [Defendant] is sued and Walmart is sued. Now the Debtor's out of the case. If I were Walmart, I would say to the judge, "I'm going to be highly prejudiced by [the Debtor Defendant/Blitz] dropping out, because that means that I have to try this matter twice." If I were the judge, I would say, "Stay." Put them on hold, 3 months, 6 months, see what happens in the bankruptcy.**

*See* Transcript of First Day Motions Before the Honorable Peter J. Walsh, United States Bank Bankruptcy Judge, *In re Blitz USA, Inc., et al. v. Alexson, et al.*, United States Bankruptcy Court District of Delaware, Bankruptcy No. 11-13603, November 10, 2011, Ex. A, p. 47.

Debtor Defendant/Blitz is contractually required to indemnify Wal-Mart against any liability for the incident underlying this cause of action. Therefore, if this Court declines to impose a stay as to Plaintiff's claims against Wal-Mart, the claims against the Debtor Defendant/Blitz will increase and will impact the bankruptcy case, causing additional prejudice the Debtor Defendant/Blitz's creditors, including Wal-Mart. Furthermore, one of the Debtor Defendant/Blitz's insurers has taken the position that policy proceeds of the Debtor Defendant/Blitz's policy are property of the estate and that the automatic stay therefore precludes the insurer from advancing or paying policy proceeds for defense and/or settlement on behalf of Wal-Mart. As such, if this case is allowed to proceed against Wal-Mart in this Court, Wal-Mart will be severely prejudiced by being forced to litigate without the insurance protection that Debtor Defendant/Blitz is contractually obligated to provide.

Precisely for these reasons, Wal-Mart respectfully submits its Motion to Stay. Plaintiff's sole claim against Wal-Mart turns on whether Plaintiffs can establish liability against Debtor Defendant/Blitz. Furthermore, if Plaintiffs were to establish liability against Wal-Mart, the Debtor Defendant/Blitz is obligated to indemnify Wal-Mart. As such, a stay should be imposed as to Plaintiff's claims against Wal-Mart. To proceed with Plaintiff's claims against Wal-Mart without the participation of the Debtor Defendant/Blitz will risk exposing Wal-Mart and Debtor

Defendant/Blitz to multiple trials of identical issues and inconsistent judicial determinations, resulting in a waist of judicial resources. Therefore, this case should be stayed pending resolution of the Debtor Defendant/Blitz's bankruptcy.

### III. FACTS

Wal-Mart is a global merchandiser specializing in affordable retail goods and services of all kinds. Wal-Mart's inventory consists of a large variety of diverse products. One such product is the portable plastic gasoline container designed, manufactured, distributed and supplied by the Debtor Defendant/Blitz, which is available in different sizes.

Wal-Mart requires all of its Suppliers (in this case Debtor Defendant/Blitz) to enter into a "Supplier Agreement" which governs the terms and conditions by which Wal-Mart purchases merchandise from a Supplier. At the time of the incident, there was a "Supplier Agreement" in effect between Wal-Mart and Debtor Defendant/Blitz. One of the terms and conditions of the Supplier Agreement is for the Supplier to indemnify Wal-Mart. The relevant section of the contractual obligation is:

> **14. INDEMNIFICATION.** Supplier shall protect, defend, hold harmless and indemnify Company, including its officers, directors, employees and agents, from and against any and all lawsuits, claims, demands, actions, liabilities, losses, damages, costs and expenses (including attorneys' fees and court costs), regardless of the cause or alleged cause thereof, and regardless of whether such matters are groundless, fraudulent or false, arising out of any actual or alleged:
> . . .
> (b) Death of or injury to any person, damage to any property, or any other damage or loss, by whomsoever suffered, resulting or claimed to result in whole or in part from any actual or alleged use of or latent or patent defect in, such Merchandise, including but not limited to (i) any actual or alleged failure to provide adequate warnings, labelings or instructions, (ii) any actual or alleged improper construction or design of said Merchandise, or (iii) any actual or alleged failure of said merchandise to comply with specifications or with any express or implied warranties of Supplier;
>
> (c) Violation of any law, statute, ordinance, governmental administrative order, rule or regulation relating to the merchandise, or to any of its components or

4

ingredients, or to its manufacture, shipment, labeling, use or sale, or to any failure to provide a Material Safety Data Sheet or certification;

. . .

Supplier shall promptly notify Company of the assertion, filing or service of any lawsuit, claim, demand, action, liability or other matter that is or may be covered by this indemnity, and shall immediately take such action as may be necessary or appropriate to protect the interests of Company, its officers, directors, employees and agents. Any and all counsel selected or provided by Supplier to represent or defend Company or any of its officers, directors, employees or agents shall accept and acknowledge receipt of Company's Indemnity Counsel Guidelines, and shall conduct such representation or defense strictly in accordance with such Guidelines. If Company in its sole discretion shall determine that such counsel has not done so, or appears unwilling or unable to do so, Company may replace such counsel with other counsel of Company's own choosing. In such event, any and all fees and expenses of Company's new counsel, together with any and all expenses or costs incurred on account of the change of counsel, shall be paid or reimbursed by Supplier as part of its indemnity obligation hereunder. Company shall at all times have the right to direct the defense of, and to accept or reject any offer to compromise or settle, any lawsuit, claim, demand or liability asserted against Company or any of its officers, directors, employees or agents. The duties and obligations of Supplier created hereby shall not be affected or limited in any way by Company's extension of express or implied warranties to its customers.

*See* Exemplar Supplier Agreement between Wal-Mart and the Debtor Defendant/Blitz and dated February 3, 2012, Exhibit B, p. 4 at ¶ 14, (to be filed under seal).

In their Complaint, Plaintiffs allege that the container manufactured by Debtor Defendant/Blitz and allegedly sold by Wal-Mart was defective in design and exploded after minor Plaintiff set the container on the ground near a fire pit and a flame flashed from the fire pit to the gas can's spout and caused a flame to emit from the gas can spout. As a result of this incident, Plaintiffs assert Strict Liability, Negligence and Breach of Warranty causes of action against Wal-Mart. Obviously, Wal-Mart vehemently denies Plaintiffs' allegations and will prove that it is an innocent seller which had no involvement in the design and manufacturing of the container and was the mere retail conduit of the gasoline container into the stream of commerce from Debtor Defendant/Blitz.

The causes of action as alleged in Plaintiffs' Complaint all fall under the contractual indemnification obligation that Debtor Defendant/Blitz owes to Wal-Mart. Thus, the Debtor Defendant/Blitz will be liable not only for any judgment obtained against Wal-Mart at trial but also all costs and expenses (including attorneys' fees, expert fees and court costs) incurred for Wal-Mart's defense of the matter regardless if Wal-Mart is found liable or not.

On November 9, 2011, citing the burden of multiple product liability suits, the Debtor Defendant/Blitz and its subsidiaries and parents, including LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, and Blitz RE Holdings, LLC, filed for bankruptcy protection in the United States Bankruptcy Court of the District of Delaware under Chapter 11 of the Bankruptcy Code. By operation of the "automatic stay" provisions set forth in 11 U.S.C. ' 362(a), all proceedings against the Debtor Defendant/Blitz were stayed at the time the bankruptcy petitions were filed. *See* Notice of Suggestion of Pendency Bankruptcy and Automatic Stay of Proceedings. [D.E. #7] On November 15, 2011, this Court entered an Order staying the claims against Debtor Defendant/Blitz. [D.E. # 8]

### IV.  ARGUMENT

**THE CLAIMS AGAINST WAL-MART SHOULD BE STAYED**

**A. The Claims Against Wal-Mart Should Be Stayed Due to the Identity of Interest that Exists Between Wal-Mart and the Debtor Defendant/Blitz.**

Pursuant to this Court's inherent power to manage its docket this case should be stayed against Wal-Mart. The United States Bankruptcy Code imposes an "automatic stay" prohibiting parties from undertaking certain actions against a bankruptcy debtor and its property, including an automatic stay of all actions and proceedings against the debtor or any attempt to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. ' 362(a). The prohibition against the commencement or

6

continuation of litigation against a bankruptcy debtor impacts the continuation of litigation against a third-party, such as Wal-Mart, when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re Fernstorm Storage & Van Co.*, 938 F.3d 731, 736 (7th Cir. 1991); *see also 555 M Manufacturing, Inc. v. Calvin Klein, Inc.,* 13 F.Supp 2d 719, 722 (E.D. Ill. 1998); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *so Reliant Energy Servs., Inc. v. Enron Canada Corp.,* 349 F. 3d 816, 825 (5th Cir. 2003). There is just such an identity of interest here.

The Seventh Circuit has found that the "identity of interest" exception operates where "the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan irreparable harm." *In re Fernstrom*, 938 F.2d at 736, 555 *M Manufacturing*, 13 F.Supp 2d at 722. By way of further illustration, the court in *A.H. Robins* found that an "identity of interest" sufficient to extend the automatic stay provision of 11 U.S.C. §362 to include a non-debtor co-defendant could arise in cases in which the co-defendant was entitled to absolute indemnity from the debtor. *A.H. Robins,* 788 F.2d at 999. Similarly, the Fifth Circuit has found that the "identity of interest" exception does apply if there is "claim of a formal tie or contractual indemnification ... between the debtor and nondebtor." *Reliant Energy,* 349 F. 3d at 825 (*citing Arnold v. Garlock, Inc.,* 278 F.3d 426, 436 (5th Cir. 2001)).

In this case, there is a formal contractual indemnification agreement between Wal-Mart and the Debtor Defendant/Blitz that renders the Debtor Defendant/Blitz liable not only for any judgment obtained against Wal-Mart at trial but also costs and defense and expert fees incurred

7

by Wal-Mart for its defense of this matter. Imposing a stay as to Wal-Mart is wholly appropriate under these circumstances. Allowing this cause of action to go forward against Wal-Mart will inevitably have an adverse impact on the estate of the Debtor Defendant/Blitz and will prejudice both the Debtor Defendant/Blitz and Plaintiff by bifurcating the claims and causing all parties to litigate the same issues in two different courts.

Given that Plaintiffs' claims against Wal-Mart will be indemnified by the Debtor Defendant/Blitz, the Debtor Defendant/Blitz may find itself bound by this Court's judgment on Plaintiffs' claims against Wal-Mart, despite the fact that claims against the Debtor Defendant/Blitz have been transferred to Delaware. *See In re W.R. Grace & Co.*, 386 B.R. 17, 32 (Bankr. D. Del 2008) (granting stay as to non-debtor defendants where the overlap of issues in the two proceedings would "duplicate expenses and unnecessarily divert if not deplete the resources and assets of the estate").

It is expected that additional insurers of the Debtor Defendant/Blitz will take the position that the policies that provide coverage for the Debtor Defendant/Blitz's liability belong to the Debtor Defendant/Blitz's estate. *In re Udell*, 18 F.3d 403, 410 (7th Cir. 1994); *In re Fernstrom Storage and Van Co.*, 938 F.2d 731; *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 548 (5th Cir. 1983); *In re Davis*, 730 F.2d 176, 184 (5th Cir. 1984); *A.H. Robins*, 788 F.2d at 1001 (4th Cir. 1986). As one insurer has represented to Wal-Mart, the proceeds of the Debtor Defendant/Blitz's policy are property of the estate and that the automatic stay therefore precludes the insurer from advancing or paying policy proceeds for defense and/or settlement on behalf of Wal-Mart. As such, if this case is allowed to proceed against Wal-Mart in this Court, Wal-Mart will be forced to litigate without the insurance protection that the Debtor Defendant/Blitz is

8

contractually obligated to provide.  As such, it would be patently unfair for Wal-Mart to have to litigate this case in this Court without any insurance protection.

Another concern for Wal-Mart, if Plaintiff's case is allowed to proceed in this Court against Wal-Mart, is the effect any outcome would have on the policy limits of the Debtor Defendant/Blitz's policies.  Thus, there is the possibility that not only Wal-Mart may be faced with additional exposure in other litigation, but also the Debtor Defendant/Blitz's exposure to indemnification claims in other litigation will increase.

### B. Plaintiffs' Argue that this Case Should Not Be Dismissed As to Defendant Debtor/Blitz.

On November 15, 2012, this Court ordered the claims against Debtor Defendant/Blitz to be stayed.  This Court also issued a Rule to Show Cause why the case against Debtor Defendant/Blitz should not be dismissed.  [D.E. #8]  In their Response to the Order to Show Cause, Plaintiffs argue that the Debtor Defendant/Blitz should remain a party to this action.  [D.E. #23]   If this Court grants Plaintiffs' request, this case will inevitably result in two trials unless the case is tried in its entirety.  Therefore, Plaintiff's claims against Wal-Mart should be stayed pending the resolution of the bankruptcy of the Debtor Defendant/Blitz.

### C. The Claims Against Wal-Mart Should Be Stayed in the Interest of Judicial Efficiency.

In the alternative, this Court should exercise its inherent discretionary power to control its docket and stay these proceedings pending resolution of the related bankruptcy as required by the interests of justice and judicial economy.  Under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), courts have the power to exercise their inherent discretion to stay a case when doing so will promote judicial efficiency and not harm any party. *See also 555 M Manufacturing*, 13 F.Supp 2d at 724; *Cruz v. County of DuPage*, No. 96 C 7170, 1997 U.S. Dist. LEXIS 9220, at 1

9

(N.D. Ill. June 27, 1997). The power to stay should be exercised based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. C. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). To order a stay under these circumstances, the defendant must establish that "the interests of justice require it, that adjudication of the claim would be a waste of judicial effort, and that the plaintiff will not be substantially harmed by the delay." *555 Manufacturing*, 13 F.Supp 2d at 724; *Hess v. Gray*, 85 F.R.D. 15 (N.D. Ill. 1979).

If this case were to proceed in this Court as to Wal-Mart and in the bankruptcy court as to the Debtor Defendant/Blitz, duplicative discovery, multiple hearings, and inconsistent results will likely ensue, causing inefficiencies and piecemeal litigation. In situations similar to this case, courts have stayed proceedings against the co-defendants of debtors in bankruptcy where the failure to do so would result in piecemeal litigation. *Fisher v. Apostolou*, 155 F.3d 876 (7th Cir. 1998) (holding that plaintiff's claims on behalf of debtor corporation's estate were sufficiently related to defendants' claims to enjoin all of defendants' related litigation until plaintiff completed the claim on behalf of the estate). *See also Hemmerle Indus., Inc. v. Kassuba*, 575 F.2d 513 (5th Cir. 1978) (court of appeals permitted an action by a plaintiff against co-defendants of a debtor to be stayed pending dissolution of the bankruptcy court's injunction because the bankruptcy and district court actions involved common questions).

A stay in the interests of justice and judicial economy is appropriate. Without a stay, the identical claims against Wal-Mart and the Debtor Defendant/Blitz will be adjudicated in two different courts. This duplicative litigation could well result in inconsistent outcomes. The prejudice to all parties by being forced to litigate in two different courts will be avoided altogether by simply staying this action until a resolution has been reached by the Delaware

10

Court, which now has jurisdiction over the underlying claims against the Debtor Defendant/Blitz. Plaintiff, meanwhile, will not suffer any prejudice in light of a stay against Wal-Mart as they have an alternative avenue for adjudicating claims against the Debtor Defendant/Blitz and need not rely upon a decision in this Court.  As a practical matter, staying this case against Wal-Mart will allow the Debtor Defendant/Blitz and the Delaware Court time to determine how these claims should proceed, and how best any judgment might be satisfied, in light of the various procedural and financial issues that the Debtor Defendant/Blitz must now confront, while causing no significant prejudice to Plaintiff.

Therefore, Plaintiff's claims against Wal-Mart should be stayed to avoid duplicative, wasteful, and inefficient piecemeal litigation, which could produce conflicting results.

### V.  CONCLUSION

In view of the foregoing, Wal-Mart respectfully submits that these proceedings should be stayed pursuant to the Court's inherent power to manage its docket.


Dated:  January 17, 2012

        Respectfully submitted,

        /s/ James W. Ozog
        Attorney for Defendant, Wal-Mart Stores, Inc.

James. W. Ozog – 2130963
Wiedner & McAuliffe, Ltd.
One North Franklin, Suite 1900
Chicago, Illinois 60606
(312)855-1105

**CERTIFICATE OF SERVICE**

TO: Diane M. Breneman, Breneman Dungan, LLC, 311 Delaware, Kansas City, MO 64105 and Michael T. Mullen, Paul B. Episcope, Ltd., 77 West Washington, St. Suite 300, Chicago, IL 60602.

I, the undersigned, certify that I served **Defendant Wal-Mart Stores, Inc.'s Memorandum of Law in Support of its Motion to Stay Case Pending Resolution of Blitz USA, Inc.'s Bankruptcy Action**, via ECF system and U.S. Mail, to counsel listed above on this 17th day of January , 2012.

Dated: January 17, 2012

/s/ James W. Ozog
Attorney for Defendant, Wal-Mart Stores, Inc.

James. W. Ozog – 2130963
Wiedner & McAuliffe, Ltd.
One North Franklin, Suite 1900
Chicago, Illinois 60606
(312)855-1105