IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LORI SHICKEL, both individually as as Mother and Next Friend of J.S. a Minor, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:11-CV-03380-SEM-JAG |
| BLITZ U.S.A., INC., et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE OPPOSING WAL-MART STORES INC.'S MOTION TO STAY CASE PENDING RESOLUTION OF BLITZ USA, INC.'S BANKRUPTCY ACTION**

COMES NOW Plaintiff Lori Shickel, both Individually and as Mother and Next Friend of J.S., a Minor, by and through counsel, and files this Response Opposing Wal-Mart Stores, Inc.'s Motion to Stay Case Pending Resolution of Blitz USA, Inc.'s Bankruptcy Action and, in support of same, states as follows, to-wit:

**I. ARGUMENT**

A.   **BACKGROUND**

Plaintiff opposes Wal-Mart's motion for stay and requests that the Court allow discovery between Plaintiff and Wal-Mart to move forward.

On November 9, 2011, Blitz U.S.A., Inc. ("Blitz") filed for bankruptcy protection in Delaware under Chapter 11 of the United States Bankruptcy Code.[1] The following day the bankruptcy court heard and rejected Blitz's expedited motion to extend the automatic stay of

---

[1] Wal-Mart's motion confusingly states that Plaintiff's claims against Blitz "now constitute claims in the United States Bankruptcy Court for the District of Delaware, Bankruptcy No. 11-13603 to be heard before Judge Peter J. Walsh or a Federal District Judge." Blitz's bankruptcy filing triggered an automatic stay of Plaintiff's lawsuit against the bankruptcy debtors in *this* Court pursuant to 11 U.S.C. § 362, but those claims will not be heard by the bankruptcy court or a different court than this Court as a result of the bankruptcy filing.

1

proceedings under 11 U.S.C. § 362 to non-debtor Wal-Mart, other retailers of Blitz gas cans, as well as to Blitz's parent Kinderhook entities.  In support of its motion to stay here, Wal-Mart relies almost entirely on an extraneous remark Judge Walsh made after he repeatedly refused to issue a stay of litigation against Wal-Mart, Kinderhook and all other non-debtors.  Judge Walsh remarked that *if* Wal-Mart told him "I'm going to be highly prejudiced . . . because that means that I have to try this matter twice," depending on the facts, he might put some cases on hold for three (3) or six (6) months "to see what happens in the bankruptcy."[2]  Wal-Mart misrepresents Judge Walsh's statement in claiming that Judge Walsh "recommended that the District Court Judges grant those stays."  Nothing resembling a recommendation can be found in the transcript of the hearing attached to Wal-Mart's motion. (Dkt. 26-2)

Predictably, Wal-Mart now comes to this Court with Judge Walsh's remark in hand and says, "I'm going to be highly prejudiced because I will have to try this matter twice."  This simply is untrue.  Additionally, Wal-Mart's motion does not specify a length of time for the requested stay, apparently intending that it be indefinite.  All other arguments set forth in the motion are clearly the concerns of Blitz not Wal-Mart, *i.e.*, that "the claims against the Debtor Defendant/Blitz will increase and will impact the bankruptcy case, causing additional prejudice to the Debtor Defendant/Blitz's creditors."  In addition to being improperly made here rather than in the bankruptcy court, these arguments on behalf of Blitz were rejected by Judge Walsh.

Putting aside Wal-Mart's counsel's concerns for how *Blitz* could be adversely impacted if the case continues against Wal-Mart, we are left with Wal-Mart's only concern that it must continue this case without Blitz's insurance support.[3]  The request for a stay necessarily and

---

[2] Nearly 3 months has already passed since the bankruptcy hearing.
[3] Wal-Mart has not provided this Court with any *evidence* that Blitz's applicable insurance policies would pay Wal-Mart's defense costs in this lawsuit.  Plaintiff has cause for serious doubt due to a high SRI amount that must be exhausted first.

2

incorrectly assumes either that Blitz will eventually be back by Wal-Mart's side in this lawsuit and/or that Wal-Mart is entitled to a determination of who will pay for its defense before Plaintiff may have her claims heard. Wal-Mart's concerns are understandable but do not satisfy Wal-Mart's heavy burden to show it is entitled to a stay. Wal-Mart asserts without explaining how it is so, that continuing this lawsuit against Wal-Mart would expose it to multiple trials of identical issues and inconsistent judicial determinations. This is untrue. If Wal-Mart is eventually able to pursue its claim for indemnification against Blitz, it will be a claim on contract. As such, there is no risk of multiple trials of identical issues or inconsistent determinations. It is highly likely that Wal-Mart has its own insurance policies that provide a defense although Wal-Mart has not said one way or another. In any event, Wal-Mart's concern over who pays for its defense and when that may be sorted out is not Plaintiff's burden.

B.   **BANKRUPTCY STAY PROTECTIONS DO NOT APPLY TO CO-DEFENDANTS OF A BANKRUPTCY DEBTOR**

The protections of 11 U.S.C. § 362 do not apply to co-defendants of a bankruptcy debtor. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983); *In re Lennington*, 286 B.R. 672, 674 (Bankr. C.D. Ill. 2001). The general discretionary power of district courts to stay proceedings in the interest of justice and in control of their dockets is insufficient grounds to issue a stay against a non-debtor. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d at 545. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* Further, an indefinite stay including one that is "manifestly indefinite," because it is hinged on completion of the bankruptcy proceedings, is not permitted. *Id.*; see also *Wrzeskinski v.*

3

*Martwick*, 1989 WL 122302, 2 (N.D. Ill. 1989) (finding that "courts have questioned the propriety of granting a stay that is of immoderate or indefinite duration"); and *Klaff v. Wieboldt Stores, Inc.*, 1988 WL 142163, 5 (N.D. Ill. 1988) (finding that a court can "not properly grant an indefinite stay, or condition lifting the stay upon resolution of the bankruptcy proceedings" and that "such a stay would be immoderate").

In *Wedgeworth v. Fibreboard Corp.*, the Court held that the inevitable hardships which arise when a co-defendant files bankruptcy do not constitute cause for a stay:

> Similarly, there has been no showing of unfair prejudice resulting from potential questions or conflicts of jurisdiction between the bankruptcy courts and the district courts as to claims against the co-defendants. Any such "hardship" is inevitable where several courts must grapple with discrete parts of a pervasive and complex matter. Questions of contribution, indemnity and apportioned liability are serious issues which will neither self-destruct nor disappear. They will have to be confronted and resolved at some time in some forum. Defendants have not shown that any hardship complained of is the result of proceeding to trial now. Nor is there a showing that the difficulties inherent in the general situation, including potential judicial inefficiency, constitute a sufficient offset to the plaintiffs' rights to proceed without inordinate delay to a resolution of their claims.

*Wedgeworth v. Fibreboard Corp.*, 706 F. 2d at 545-546.

The same automatic stay that prevents Plaintiff from trying to collect on her claims against Blitz also prevents Wal-Mart from pursuing its claims for indemnification against Blitz. (Dkt. 26-2 at 24) However, Plaintiff's claims against Wal-Mart are independent causes of action and there is no justification for extending a stay of proceedings to Wal-Mart. Blitz is not a necessary and indispensable party to the claims against Wal-Mart. Plaintiffs in other courts have filed exploding gas can lawsuits in which Wal-Mart is the only named defendant. Plaintiff claims that Wal-Mart was sued in other similar cases before selling the gas can that exploded, severely injuring Plaintiff's son, that Wal-Mart knew or should have known of flame arrestor

technology and that flame arrestors were necessary on consumer gas cans, and that it could and did influence the design of the gas can in this case sold without a flame arrestor.

Wal-Mart chose to do business with Blitz pursuant to a contractual indemnification. Wal-Mart, as one of the most sophisticated businesses on Earth, certainly knew Blitz's indemnification agreement might not be honored for one reason or another. That business risk was voluntarily assumed by Wal-Mart to its own detriment, a point which the Court in *Wedgeworth v. Fibreboard* also addressed: "[T]he defendants are distressed principally because they must withstand the plaintiffs' assaults without Johns-Manville's presence, with all that entails. That development may not be laid at the doorstep of the plaintiffs, nor is it likely to be a situation preferred by them. The intense desire of the co-defendants to suspend all litigation until Johns-Manville and Unarco are again at their sides is understandable but is not sufficient justification for all-encompassing stays." *Wedgeworth v. Fibreboard Corp.*, 706 F. 2d at 546.

### C. THE STAYS OF *BANKRUPTCY COURTS* IN *A.H. ROBINS* AND OTHER CASES RELIED ON BY WAL-MART DO NOT APPLY HERE

The holdings of *A.H. Robins* and *Reliant Energy* relied upon by Wal-Mart are strictly limited to factual circumstances that do not exist in this case. Each of the cases involved a blanket stay extending protection to third-parties ordered by a *bankruptcy court* on debtors' motions. In this case, the bankruptcy court refused to issue a stay of litigation against Wal-Mart in the tort litigation because of Blitz's agreement to indemnify, telling those present, "*I never have.*" (Dkt. 26-2 at 23) Judge Walsh then reminded Blitz that if Blitz had any indemnification obligations, they were stayed. (Dkt. 26-2 at 24) A stay of Plaintiff's case against Wal-Mart by this Court would result in unfair prejudice to Plaintiff since it is unlikely that all of the separate courts before which tort cases are pending will stay the cases. So while other plaintiffs may be allowed to continue identical claims, Plaintiff will be unfairly delayed. Only the bankruptcy

5

court may, by virtue of its authority over the assets of the debtor's estate, issue a blanket stay extending to third parties in litigation in which the debtor is a party. See *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986).

Plaintiff alleges independent actionable torts on the part of Wal-Mart. It is the widely recognized general rule that litigation against co-defendants should not be stayed and that the action taken by the bankruptcy court in *A.H. Robins* is a very limited exception warranted only where "*the third-party would be entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case.*" *A.H. Robins Co., Inc.,* 788 F.2d at 999 (emphasis added); see also *In re Uni-Marts, LLC,* 399 B.R. 400, 416 (Bkrtcy. D. Del. 2009) (finding "sufficiently unusual" circumstances did not exist to justify extension of the stay to co-defendant where co-defendant asserted "Debtor must indemnify him for any monetary damages he incurs in this suit and that a judgment against him is, in effect, a judgment against the Debtor," "he is integral to the Debtor's reorganization efforts and that the time demands of the suit will hinder the Debtor's reorganization," and "that any findings in the suit may bind the Debtor through collateral estoppel."). "In general, only the debtor is afforded the protections of the automatic stay under section 362; conversely, third-parties do not receive the protection of the automatic stay." *In re Uni-Marts, LLC,* 399 B.R. at 415, citing *Ochs v. Lipson (In re First Cent. Fin. Corp.),* 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999). "As a consequence, it is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor." *In re Uni-Marts, LLC,* 399 B.R. at 415-416; see also *In re White,* 415 B.R. 696, 698 (Bankr. N.D. Ill. 2009) (finding that "[g]enerally, the automatic stay protects the bankruptcy debtor and does not bar suits against third parties, such as nondebtor entities, even when wholly

owned by the debtor, or the debtor's insurers, guarantors, and sureties"); *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509–510 (3d Cir. 1997). "[T]he overwhelming majority of courts have held that [a] lawsuit is only stayed [under § 362(a)(1)] as to the bankruptcy party, not as to the non-bankrupt codefendants." *In re Richard B. Vance and Company*, 289 B.R. 692, 696-97 (Bankr. C.D. Ill. 2003) (citations omitted). The doctrine allowing extension of the automatic stay of § 362 to non-bankrupt parties should be "narrowly construed, appropriate only in extremely unusual circumstances." *Id.* at 697.

The reason the bankruptcy court took such unusual action in *A.H. Robins* was the "unusual situation" of such identity of interest between the debtor and the third-party defendant that the debtor was the real party defendant. "[T]here must be 'unusual circumstances' and certainly '[s]omething more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties.'" *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) discussing *Johns-Manville Sales Corp.*, 26 B.R. 405, 410 (S.D.N.Y.1983) (emphasis added). "This 'unusual situation,' it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *A.H. Robins*, at 999; *In re Kmart Corp.*, 285 B.R. 679, 688 (Bankr. N.D. Ill. 2002). The Seventh Circuit has "articulated two exceptions to the general rule that bars extension of the stay to nondebtors: the first is where there is sufficient identity between the debtor and nondebtor such that the litigation against the nondebtor threatens property of the estate, and the second is where

the continuation of the proceedings against the nondebtor could cause irreparable harm to the debtor by diverting resources need [sic] for its reorganization." *In re Kmart Corp.*, 285 B.R. at 688.

In a case where there is liability insurance in the debtor's estate, before litigation against a co-defendant with an indemnification agreement from the debtor may be stayed, the *bankruptcy court* must determine that the insurance was inadequate to cover all claims:

> There is nothing in *In Re White Motor Credit*, 761 F.2d 270, 274 (6th Cir. 1985) in any way contrary to this conclusion; in fact, it sustains the construction of the statute adopted by us. In *White*, the parties were in agreement that the products liability insurance was adequate to cover all claims filed but the court cautioned that had this not been so, the result in that case would have been different:
> Were it not for the fact that all parties are in agreement that the insurance coverage is adequate to cover all filed claims, it would be necessary to liquidate all claims before any insurance was paid out; otherwise, some claimants would receive an unequal portion of the insurance assets of the debtor.

*A.H. Robins*, 788 F.2d at 1002.

In *Reliant Energy,* the bankruptcy debtor was Enron Corporation, the co-defendant was Enron Canada, and the question was whether they were jointly and severally liable to Reliant Energy under a master netting agreement on their combined debt to Reliant. *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 818 (5th Cir. 2003). The Fifth Circuit remanded the case to the district court to decide the respective liabilities of Enron Corporation and Enron Canada for their debts under the netting agreement. *Id.* at 826.

There is not an "identity of interest" between Wal-Mart and Blitz. The exception discussed under *A.H. Robins* and *Reliant Energy* does not apply here where Plaintiff's claims against Wal-Mart are independent of Plaintiff's claims against Blitz and the claims are not directed against Blitz's property. See *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). The court in *In re TXNB Internal Case* found that even though a successful claim by the

8

plaintiff would likely result in the co-defendant against the debtor seeking indemnification, "the merits of that probable litigation are not [plaintiff's] problem. . . .[plaintiff's] claim is not directed against the debtors' property and is not subject to a stay under § 362(a)." *Id.* at 302.

In *555 M Manufacturing, Inc. v. Calvin Klein, Inc.*, 13 F.Supp.2d 719, 721 (N.D. Ill. 1998), a breach of contract action cited by Wal-Mart, a bankrupt defendant had agreed to indemnify its non-bankrupt co-defendant for "any and all losses, liability, damages, and expenses (including reasonable attorney's fees and expenses) which may arise in connection with [bankrupt defendant's] performance of this Agreement and transactions arising therefrom." The non-bankrupt defendant argued that it was entitled to a stay pursuant to § 362(a). *Id.* at 721. The court denied the non-bankrupt defendant's request for a stay, finding that the defendant had "failed to show that this case falls within one of the two exceptions to the general rule that the automatic stay is available only to the bankruptcy debtor." *Id.* at 722. Speculating as to why the bankruptcy court did not grant a stay of the proceedings, the court stated that the bankrupt defendant may have obtained insurance which would cover any money the bankrupt defendant would owe to the non-bankrupt defendant, and that if that were true, "a stay of this proceeding would be both unnecessary and inappropriate." *Id.*

Wal-Mart also relies on *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1991), which does not apply to Wal-Mart's motion as it involved a creditor's motion for relief from an automatic stay granted to a bankrupt defendant under § 362(a). *Fernstrom* did not involve a situation such as the one in the present case where a plaintiff has alleged separate claims against a non-bankrupt co-defendant.

D.  **DISCOVERY BETWEEN PLAINTIFF AND WAL-MART SHOULD NOT BE STAYED**

Courts generally do allow discovery to proceed in a lawsuit after one of the defendants has filed a bankruptcy petition. The court in *In re Richard B. Vance & Co.* held that discovery should not be stayed, finding, "It is now generally accepted that discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor and even if the information discovered could later be used against the debtor." *In re Richard B. Vance & Co.*, 289 B.R. at 697; see also *In re Miller*, 263 B.R. 499, 507 (B.A.P. 9th Cir. 2001) (finding that contempt sanctions could be imposed against debtor for not responding to a subpoena seeking discovery pertaining to claims against debtor's co-defendant).

E.  **JUDICIAL EFFICIENCY IS NOT SUFFICIENT GROUND FOR ISSUING THE REQUESTED STAY**

The general discretionary power of district courts to stay proceedings in the interest of justice and in control of their dockets is insufficient grounds to issue a stay against a non-debtor. Wedgeworth v. Fibreboard Corp., 706 F.2d at 545.

*Landis v. North American Co.*, *Kerotest Mfg. C. v. C-O-Two Fire Equip. Co.*, *Cruz v. County of DuPage*, and *Hess v. Gray*, relied upon by Wal-Mart, do not involve a bankruptcy. *Landis* actually provides support for a denial of Wal-Mart's motion. "Viewing the problem as one of power, and of power only, we find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

*555 M Manufacturing, Inc. v. Calvin Klein*, 13 F.Supp.2d 719 (N.D. Ill. 1998) does not support Wal-Mart's argument. In that case, a trademark licensee defendant filed a bankruptcy

petition and was protected by the automatic stay under § 362(a). *Id.* at 721. A co-defendant, non-bankrupt trademark holder filed a motion to stay the proceedings pursuant to the court's inherent power to do so. The court determined, without further elaboration, that the trademark holder had "failed to convince the court that it should grant a stay pursuant to its inherent power." *Id.* at 724.

*Fisher v. Apostolou*, 155 F.3d 876 (7th Cir. 1998) is also inapposite, as it addresses a *bankruptcy* court's power to stay proceedings against nondebtor alleged accomplices of a debtor defendant where plaintiffs' claims are not "property of" the debtor's estate, but are closely "related to" it. *Fisher* interprets 28 U.S.C.A. § 1334(b) and 11 U.S.C. § 105(a), which do not apply to the present case. *Fisher*, 155 F.3d 876, 881-82 (7th Cir. 1998).

*Hemmerle Industries, Inc. v. Kassuba*, 575 F.2d 513 (5th Cir. 1978) supports Plaintiff's position that the case should move forward. In *Hemmerle*, the issue on appeal was whether the district court should have dismissed the plaintiff's case against the defendants in bankruptcy because of the bankruptcy. *Id.* at 514. The Court of Appeals held that the district court should have stayed the action with respect to the bankruptcy defendants rather than dismiss it. *Id.* at 515.

## II. CONCLUSION

For all of the above reasons, Plaintiff respectfully requests that this Court deny Wal-Mart's motion to stay.

Respectfully submitted on this the 2nd day of February, 2012.

Respectfully submitted,

s/ Diane M. Breneman
Diane M. Breneman
Attorney for Plaintiff
Missouri Bar No. 39988

                                                        Breneman Dungan, LLC
                                                       311 Delaware
                                                       Kansas City, MO 64105
                                                       Phone (816) 421-0112
                                                       Fax (816) 421-0114
                                                       db@litigationkc.com

## CERTIFICATE OF SERVICE

      I certify that on February 2, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael T. Mullen, Stephen R. Kaufmann, and James W. Ozog; and I certify that I have mailed by the United States Postal Service the document to the following non CM/ECF participants: Robert C. Maddox; Wal-Mart Stores East, Inc.; and Wal-Mart Stores East, L.P.

                                                       /s Diane M. Breneman
                                                     Attorney for Plaintiff