E-FILED
Tuesday, 21 February, 2012  02:19:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Lori Shickel and Jordan Shickel, )
        Plaintiffs )
)
v. ) Case No. 11-3380 JBM/JAG
)
Blitz USA Inc., Wal-Mart Stores, Inc., et al, )
        Defendants )

**ORDER**

Now before the Court is the motion by Wal-Mart Stores, Inc., to stay this matter (#26). The motion is fully briefed, and I have carefully considered the arguments of the parties. For the following reasons, the motion is DENIED.

**BACKGROUND**

On October 10, 2011, Plaintiffs filed their complaint against Defendants Wal-Mart Store, Inc., and Blitz USA Inc.. Defendants also included a number of entities that are alleged to have played a part in the sale and subsequent corporate restructuring of Blitz USA Inc.; these entities along with Blitz USA Inc are referred to cumulatively as "Blitz" unless context demands more specificity.

The complaint alleges that Plaintiff Jordan Shickel was injured when a gas can he was holding near a fire pit caught fire and exploded, covering Jordan with burning liquid gasoline. The gas can was allegedly manufactured by Blitz and sold by Wal-Mart Stores Inc. The complaint includes claims for strict liability, negligence, breach of warranty, against each of the Blitz companies and Wal-Mart, as well as claims for piercing the corporate veil of Blitz and a claim under the Illinois Family Expense Act.

On November 14, 2011, all of the Blitz Defendants filed a Suggestion of Bankruptcy (Doc. #7), stating that Blitz USA Inc., LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc. Blitz Acquisition LLC, Blitz RE Holdings, and F.3d Brands LLC had filed voluntary bankruptcy petitions under chapter 11 in Delaware. This case is now stayed as to the Plaintiffs' claims against all of the Blitz Defendants. (Order #8). On December 2, 2011, Plaintiffs also voluntarily dismissed one of the Blitz Defendants, Kinderhook Capital Fund.

The Bankruptcy Court in Delaware held a First Day Motion hearing on Nov. 10, 2011. The transcript of that hearing is attached as Exhibit A to Wal-Mart's motion. As is pertinent to this motion, Blitz presented a motion for a temporary restraining order at that hearing, asking the Bankruptcy Judge, Hon. Peter J. Walsh, to extend the automatic bankruptcy stay to entities other than the Debtor, including Wal-Mart (p.20).

In argument, Blitz's attorney and attorneys for other interested parties presented the following information to Judge Walsh. There were (at the time of the hearing) 36 cases against Blitz in 27different courts involving this gas can. (p.11, 29). These cases arose between 2002 and 2011 (p. 33). Of the 36 cases, 15 of them involved Wal-mart as a co-defendant (p. 41). Of the 15 cases that involved Wal-mart, the claims against Wal-mart were, in 11 cases, based solely on indemnification; the other cases asserted independent claims against Wal-Mart. (p. 41). Blitz's attorney pointed out that, when Wal-Mart tendered defense and indemnification of these claims to Blitz, Blitz accepted the tender pursuant to the supplier agreement it has with Wal-Mart (p.22). Judge Walsh made clear that the indemnification claims were already covered by the stay (p.23).

Blitz's attorney asserted that it had been driven into bankruptcy by the $1 million per occurrence self-insured retention that was part of its insurance coverage (p.11,32). He also warned

about the possibility of a race for insurance proceeds, with the consequence of depleting insurance funds before all cases had been resolved (p.36). Plaintiff's attorneys pointed out that Blitz's insurance coverage is substantial enough that depletion of funds is highly unlikely. Based on documentation presented to the Bankruptcy court, Plaintiff's attorneys pointed out that Blitz has liability coverage of at least $37 million per year for the period 2006-2009, and $63 million a year for the period 2010-2012, for a total in excess of $250 million total (beyond the self insured retention) for the period of time of the 36 claims. (p. 42).

To support its position that the stay should be extended to claims against, *inter alia*, its co-defendant Wal-Mart, Blitz argued to Judge Walsh that the facts are "so intertwined" between Wal-Mart, the Debtor, the Debtor's Estate and the reorganization that it was essential to extend the stay so that the Debtor does not lose Wal-Mart as a customer. Were that to happen, said Blitz's counsel, the company would shut down before the plan could be finalized (p. 23, 29). Plaintiffs argued that if Wal-Mart decides not to do business with Blitz any more, that's a business issue; but it is not a basis for the "extraordinary relief of extending the stay to non-Debtor Defendants (p.44).

Towards the conclusion of the hearing (p. 47 lines 9-19), Judge Walsh denied the motion for the restraining order. He suggested that Wal-Mart pick a specific case and assert, in the court where that case is pending, that it will be prejudiced unless the stay is extended to Wal-Mart because that means the case will have to be tried twice. Judge Walsh concluded, "If I were the judge, I would say, 'Stay.' Put them on a hold, 3 months, 6 months, see what happens in the bankruptcy. I suspect in a lot of these cases, that is what's going to happen. And until you address the matters in that fashion, I'm not going to grant this relief." (p. 47).

**DISCUSSION**

Wal-Mart has now filed the motion suggested by Judge Walsh, asking this Court to stay Plaintiff's claims against it pending resolution of the Blitz Bankruptcy. For the most part, the arguments presented are precisely the arguments made to and rejected by Judge Walsh.

As Plaintiffs correctly note, the general rule is that the protections of the bankruptcy stay do not protect co-defendants of the debtor. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544(5th Cir. 1983); and In re Lennington, 286 B.R. 672, 674 (Bankr.C.D.Ill.2001). There are 2 exceptions. The first applies where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. The second exception comes into play where the pending litigation, though not brought against the debtor, would cause irreparable harm to the debtor, the bankruptcy estate, or the reorganization plan. In re Fernstrom Storage & Van Co., 938 F.2d 731, 736 (7th Cir. 1991). In the absence of one of these exceptions' creating "a clear case of hardship or inequity," the stay will not extend to offer such protection. Wedgeworth, 706 F.2d at 545.

Wal-Mart attempts to make out its "clear case" by arguing that, as a result of Blitz's contractual obligation to defend and indemnify Wal-Mart, there has been created "such identity between the debtor and the third-party that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." In re Fernstorm, 938 F.2d at 736. Under those circumstances, continuation of litigation against that third party should be encompassed within the bankruptcy stay. Id. See also, 555 M Mfg. Inc. v. Calvin Klein Inc., 13 F.Supp. 2d 719, 722 (N.D.Ill. 1998); A.H. Robins Co. v. Piccinin, 788

F.2d 994, 999 (4th Cir. 1986); Reliant Energy Servs., Inc. v. Enron Canada Corp., 349 F.3d 816, 824 (5th Cir. 2003).

But simply pointing to claims such as indemnity do not rise to the level of hardship sufficient to support an extension of the stay to a non-debtor. Wedgeworth, 706 F.2d at 545; Lennington, 286 B.R. at 674. This issue was presented to Judge Walsh by Blitz and was rejected out of hand. If he had seen such a close identity, he certainly would have elicited immediate concern for the Debtor's Estate and future concern for the possibility of the reorganization plan. He did neither. He found no basis in bankruptcy law for encompassing Wal-Mart within the automatic stay.    Wal-Mart asserts a concern about the scope of insurance coverage, a concern that, as demonstrated above, is misplaced. Blitz is and was well-insured. Wal-Mart now asserts that one of the insurers has taken the position that the proceeds of the policy it issued to Blitz are property of the Debtor's Estate. If that is true, then that is where Wal-Mart's defense claim and indemnification claim (if any results) will be presented and decided. But the scope of insurance coverage in this case makes this issue another non-starter.

Wal-Mart also characterizes Judge Walsh's concluding remarks as a "recommendation" from him "that the District Court Judges grant those stays." That is a gross exaggeration of the import of those comments. A reading of those 10 lines from a 54 page transcript reveals the Judge's intention to emphasize that the motion was being denied and that it was up to Wal-mart to go to the trial courts to seek relief. If no relief was forthcoming from those trial courts, Judge Walsh may have left the door open for further consideration in Bankruptcy court.

That his 10 line comment was not intended to be anything more is demonstrated by comments found in other parts of the transcript. For example, Judge Walsh also stated that "the trial

court has to decide whether a case can go forward against Wal-mart without Blitz." (p.34) and characterized the relief being sought as "premature and too broad." (p. 38). He also found it impossible to make a blanket ruling because it was significant whether a particular case involved only claims based on indemnification (which would already be encompassed within the stay) or whether there were independent claims against Wal-Mart (p. 29). Taken as a whole, Judge Walsh made no "recommendation" to this Court or any other court. What he clearly did was reject all of Blitz's efforts to extend the stay under bankruptcy law.

Judge Walsh's ruling - that there was no basis for extending the stay to Wal-Mart - was based on his area of jurisdiction, namely bankruptcy law. As one District Court has noted, the bankruptcy court is "in a better position to determine whether a stay of these proceedings is necessary to further" the purposes of the stay. 555 M Mfg., Inc., 13 F. Supp. 2d at 722. Judge Walsh saw no need to extend the stay to the claims against Wal-Mart, which certainly indicates that proceeding against Wal-Mart in this Court would not, in his view, adversely affect the Debtor, the Estate or the Plan.

The ruling of the Bankruptcy Court in Delaware is not reviewable by the District Court in the Central District of Illinois. To the extent that Wal-Mart's motion is premised on the arguments presented to Judge Walsh or otherwise based on bankruptcy law, the motion is DENIED.

Wal-Mart also appeals to this Court's inherent discretion to control its docket, asking that the stay be extended in the interests of justice and judicial economy. While there is no question that this Court has that authority, this is not a case in which it need be exercised. The chamber of horrors envisioned by Wal-Mart - "duplicative discovery, multiple hearings, and inconsistent results ... inefficiencies and piecemeal litigation" - is pure speculation. The claims against Wal-mart are claims based upon its status as a seller or distributor of a product; the claims against Blitz are against the

manufacturer. The law is not the same. The facts are not the same. While there will certainly be overlap, there will not be complete redundancy. Neither party is indispensable as to the claims against the other.

Perhaps most important to the exercise of discretion in this case is that none of the problems to which Wal-Mart points have anything at all to do with the Plaintiff. Wal-Mart's brief entirely ignores this aspect of discretion, which must be exercised with the interests of *all* parties in mind.

## CONCLUSION

As explained herein, there is no basis for extending the Bankruptcy stay or any other stay to Wal-Mart in this case. In the exercise of my discretion, the Motion to Stay (#26) is DENIED.

ENTERED ON February 21, 2012

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE