IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Lori Shickel, both individually and as Motther And Next Friend of Jordan Shickel, a Minor )<br><br>Plaintiff, )<br><br>vs. )<br><br>Blitz, USA, Inc. LAM2011 Holdings, LLC f/k/a Blitz Holdings, LLC, Klinderhook Capital Fund II, L.P. Blitz Acquisition Holdings, Inc., Blitz Acquisition LLC, Blitz RE Holdings, LLC, F3 Brands, LLC, Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, L.P. ) | No. 11 CV 03380 |

### WAL-MART'S BRIEF IN OPPOSITION TO THE DISMISSAL OF BLITZ-RELATED DEFENDANTS

NOW COMES Defendant, Wal-Mart Stores, Inc., incorrectly sued as Wal-Mart Stores East, Inc. and Wal-Mart Stores East, L.P. ("Wal-Mart") by its attorneys, WIEDNER & McAULIFFE, LTD., and pursuant to LR 16.1D submits the following brief in opposition to the dismissal of Blitz-Related Defendants.

### FACTUAL BACKGROUND

Plaintiffs' Complaint against the Blitz-related Defendants and Wal-Mart centers around the allegations that Blitz, USA, Inc. ("Blitz) designed and Wal-Mart sold a defective gas can. Plaintiffs' Complaint sounds in strict liability, negligence and breach of warranty against both Blitz and Wal-Mart. (*See* Wal-Mart's Motion for Reconsideration, pp. 6-7, D.E. #35, hereinafter "Motion"). The allegations of strict liability and breach of warranty are identical as to Wal-Mart and Blitz. Blitz and the Blitz-related Defendants filed for bankruptcy protection under Chapter 11 of The United Stated Bankruptcy Code on November 9, 2011. Wal-Mart requests, pursuant to

LR 16.1D and in response to this Court's order of February 13, 2012, that this Court not dismiss the Blitz-related Defendants and stay any proceedings against the Blitz-related Defendants because dismissal may prevent Wal-Mart from bringing any action for common law indemnity and would result in the adjudication of identical, but separate actions by Plaintiffs against Wal-Mart and Blitz.

## ARGUMENT

### An Action by Wal-Mart against Blitz for Indemnity May be Time-Barred Pending the Resolution of the Bankruptcy Action.

Dismissal of the Blitz-related defendants would necessitate a separate lawsuit by Wal-Mart against Blitz for common law indemnity actions arising from the causes of action alleged in Plaintiffs' Complaint. Any action for common law indemnity arising out of an underlying action must be filed within two years of service of process on the party seeking indemnity. 735 *ILCS* 5/13-204. Wal-Mart was served with process on October 21, 2011. (*See* D.E. #19, Affidavit of Service). Should the resolution of Blitz's bankruptcy commence after October 21, 2013, Wal-Mart would be time barred from asserting an action for common law indemnity under 735 *ILCS* 5/13-204.

The U.S. Court of Appeals for the Fifth Circuit was presented with an identical set of facts in *Hemmerle Industries, Inc. v. Kassuba* 573 F.3d 513 (5th Cir. 1978). In *Hemmerle*, the Court properly held that where there was a possibility that plaintiffs' claims would be time barred following the resolution of proceedings in the bankruptcy court, the district court should have stayed the proceedings in the suit pending against the bankrupt defendants rather than dismissing without prejudice the bankruptcy defendants from claims asserted by plaintiffs. *Id* at 514-15.

Rather than speculate whether the Blitz bankruptcy proceedings will commence prior to the expiration of the statute of limitations for defense and indemnification, a stay of the proceedings against Blitz is the appropriate vehicle to afford Wal-Mart protection against the potential for its common law indemnity claims being time barred.

**Judicial Economy Requires a Stay of Proceedings against Blitz-Related Defendants**

Dismissal of the Blitz-related Defendants would require multiple trials of identical issues and duplicative discovery. As discussed in Wal-Mart's Motion for Reconsideration, the facts and allegations against Blitz and Wal-Mart are nearly identical. (*See* Motion at pp. 6-8). With respect to the strict liability and breach of warranty claims, there are no independent allegations against Wal-Mart and under Illinois law, distributors and sellers are strictly liable for product defects under both strict liability and breach of warranty. (*See* Motion p. 7).

Setting aside the potential for adverse rulings in separate trials, a dismissal of the Blitz-related Defendants would result in a needless expenditure of judicial resources. Separate actions against Blitz and Wal-Mart will require the discovery of facts in both actions concerning Plaintiffs' allegations from both Blitz and Wal-Mart irrespective of Blitz's presence as a party defendant. Blitz witnesses will also be necessary to elicit testimony at trial regarding the manufacture and design of the gas can.

The connection between Wal-Mart and Blitz is made clear in Plaintiffs' Complaint, which alleges against both Blitz and Wal-Mart:

¶53(b) Failure to equip the gas can with a flame arrestor. . .

¶53(c) Failed to provide adequate warnings.

¶53(d) The gas can, as sold, posed a risk of flammable vapor ignition, flash back and explosion, . . .

>¶69(b) Wal-Mart participated in and impacted the design of Blitz's can, and in particular the design of Blitz gas can closures, and knew that it had the ability to impact the design of Blitz's can.

(*See* Motion p. 7)

Further, compulsion of witnesses and documents concerning the design decisions and interaction between Wal-Mart and Blitz in separate trials would be an unnecessary expenditure of judicial resources to this Court and a disruption to bankruptcy proceedings. This situation could be avoided if the Court were to stay actions against the Blitz-related Defendants, resulting in the combination of actions against Blitz and Wal-Mart into one solitary action.

Should this Court dismiss the Blitz-related Defendants, the participation of Blitz in the causes of action relating to the Plaintiffs' incident would still be required. Staying all proceedings against the Blitz-related Defendants would serve to protect the parties named in Plaintiffs' Complaint's interests while preventing the compulsion of discovery and trial testimony from Blitz in duplicative causes of action.

## **CONCLUSION**

Proceedings against the Blitz-related Defendants should be stayed to protect Wal-Mart's interests in seeking indemnity and this Court's interests in judicial economy. A dismissal of the proceedings against the Blitz-related Defendants would require multiple actions resulting in duplicative discovery and trial testimony. It is in the interests of this Court and all parties to this case to stay proceedings against the Blitz-related Defendants.

WHEREFORE, Wal-Mart requests this Court not to dismiss the Blitz-related Defendants in all proceedings before this Court.

Respectfully submitted,


/s/ James W. Ozog
Attorney for Defendant, Wal-Mart Stores, Inc.

James. W. Ozog – 2130963
Brian J. Benoit -  6289041
Wiedner & McAuliffe, Ltd.
One North Franklin, Suite 1900
Chicago, Illinois 60606
(312)855-1105

# CERTIFICATE OF SERVICE

TO: Diane M. Breneman, Breneman Dungan, LLC, 311 Delaware, Kansas City, MO 64105 and Michael T. Mullen, Paul B. Episcope, Ltd., 77 West Washington, St. Suite 300, Chicago, IL 60602.

I, the undersigned, certify that I served **Wal-Mart's Brief in Opposition to the Dismissal of Blitz-Related Defendants**, via ECF system to counsel listed above on this 14th day of March , 2012.

Dated: March 14, 2012

/s/ James W. Ozog
Attorney for Defendant, Wal-Mart Stores, Inc.

James. W. Ozog – 2130963
Wiedner & McAuliffe, Ltd.
One North Franklin, Suite 1900
Chicago, Illinois 60606
(312)855-1105