IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **LORI SHICKEL, both individually as as Mother and Next Friend of J.S., a Minor,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 3:11-CV-03380-SEM-JAG |
| **BLITZ U.S.A., INC., et al.,** ) ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE OPPOSING WAL-MART STORES, INC.'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE GORMAN'S OPINION AND ORDER OF FEBRUARY 21, 2012 DENYING WAL-MART STORES, INC.'S MOTION TO STAY CASE PENDING RESOLUTION OF BLITZ USA, INC.'S BANKRUPTCY ACTION**

COMES NOW Plaintiff Lori Shickel, both Individually and as Mother and Next Friend of J.S., a Minor, by and through counsel, and files this Response Opposing Wal-Mart Stores, Inc.'s Motion for Reconsideration of Magistrate Judge Gorman's Opinion and Order of February 21, 2012 Denying Wal-Mart Stores, Inc.'s Motion to Stay Case Pending Resolution of Blitz USA, Inc.'s Bankruptcy Action and, in support of same, states as follows:

**I.     STANDARD OF REVIEW**

"In accordance with 28 U.S.C. 6363(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the ruling is clearly erroneous or contrary to law." *Westerheide v. Hartford Life Insurance Co.*, 2011 WL 5125921, *2 (S.D. Ill. 2011) (citations omitted).

1

"Clear error is an extremely deferential standard of review and will be found to exist only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Id*. See also *Johnson v. Randle*, 2011 WL 2941296, *1 (S.D. Ill. 2011).

## II. THE FEBRUARY 21, 2012 OPINION AND ORDER DENYING WAL-MART'S MOTION TO STAY IS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO THE LAW AND SHOULD NOT BE DISTURBED

### A. SUMMARY OF THE ARGUMENT

Wal-Mart's motion for reconsideration ("Objection") to the February 21, 2012 Opinion and Order ("Order") is merely a renewal of arguments made in its motion to stay. The Order shows that these arguments were carefully considered by Judge Gorman. It is difficult to find a well-articulated contention of clear error in Wal-Mart's Objection which makes three arguments, none of which provide a basis for reversal. First, Wal-Mart contends that Judge Gorman appears to be under a false impression that Judge Walsh rejected Blitz's motion in the bankruptcy proceeding for a blanket restraining order staying all product liability actions against Wal-Mart, including this lawsuit. In fact, the transcript of that bankruptcy hearing shows after 35 pages of argument on the issue that this is exactly what Judge Walsh ordered. (Dkt. 26-2 at p. 47). In addition, Judge Walsh left it to individual trial courts in the 36 product liability cases to decide whether the facts in a particular case might merit a short, temporary stay of claims against Wal-Mart. (Dkt. 26-2 at p. 47). As is clear on the face of the Order, Judge Gorman properly considered the parties' arguments and evidence in ruling on Wal-Mart's motion claiming an "identity of interest." For many of the same reasons reflected in the transcript of the bankruptcy hearing, Judge Gorman ruled that a stay of Plaintiff's claims against Wal-Mart in this lawsuit for the length of the bankruptcy is factually and legally inappropriate and unnecessary. As discussed more fully below, *A.H. Robins* and the other cases relied upon by Wal-Mart involve stays of

2

*bankruptcy courts*. It is proper to defer to the bankruptcy court on the appropriateness of a extending a stay of litigation to Wal-Mart.

Second, Wal-Mart incorrectly contends that there is "identity of interest" between Wal-Mart and Blitz. Wal-Mart spends three pages in its motion reinventing Plaintiff's lawsuit against it, arrogantly presuming that "as is customary in most product liability/personal injury actions, if this case goes to trial, it is probably that Plaintiffs will drop their negligence claims in order to avoid the defense of comparative negligence." (Dkt. 35 at p. 6). Plaintiff has no intention of dropping her negligence claims against Wal-Mart whether or not that is "customary" in Illinois. Wal-Mart relies on one court's order in the *Droney* case. Since the 4th Circuit's decision in *A.H. Robins*, the 7th Circuit has articulated two exceptions to the general rule that bars extension of the stay to nondebtors, both of which require a finding of potential harm to the bankruptcy debtor's estate. *In re Kmart Corp.*, 285 B.R. 679, 688 (Bankr. N.D. Ill. 2002) citing *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir.1991). Plaintiff also respectfully suggests that the *Droney* order reached the incorrect result in general and that the exception for unusual circumstances discussed in *A.H. Robins* does not apply to this Plaintiff's independent claims under Illinois law against Wal-Mart in this case. Additionally, several other courts have found there is no *A.H. Robins*-type unusual circumstance with respect to Blitz and Wal-Mart, consistent with Judge Gorman's Order, as discussed below.

Third, Wal-Mart argues that the Order is in error in failing to enter a discretionary stay in the interest of justice and judicial efficiency because the "chamber of horrors" of duplicative discovery and inconsistent results speculatively envisioned by Wal-Mart "is a very real prospect." Wal-Mart's Objection is just a vague renewal of the argument rejected by Judge Gorman. The Order is not in error in finding that: "The law is not the same. The facts are not

the same. While there will certainly be overlap, there will not be complete redundancy. Neither party is indispensable as to the claims against the other." Case law is contrary Wal-Mart's request for an indefinite stay in the interest of justice or judicial efficiency. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir.1983); *Klaff v. Wieboldt Stores, Inc.*, 1988 WL 142163, *5 (N.D. Ill. 1988).

The Order cannot be clearly erroneous because four (4) other federal courts recently reached the same result for the same reasons in ruling on identical motions to stay filed by Wal-Mart. In a 12-page opinion and order, U.S. Magistrate Judge Leo I. Brisbois rejected all the same arguments in Wal-Mart's motion to stay. (Exhibit A attached hereto, *Smith v. Blitz U.S.A., Inc. et al.*, Civil No. 11-1771, United States District Court, District of Minnesota, Order, March 2, 2012). Judge Brisbois found that *A.H. Robins* and the other cases relied on by Wal-Mart referenced the powers of the *bankruptcy court* to stay claims against a non-debtor co-defendant and that Wal-Mart had failed to provide authority that it may even bring a motion to stay. (Exhibit A at 7). The court further found that even assuming it could grant the relief sought, "the facts of this case do not fall within the limited unusual circumstances exception that would be grounds for a stay." (Exhibit A at p. 8). Further, the court found that interests of judicial efficiency do not necessitate a stay in favor of Wal-Mart finding that "though some common questions of fact may pervade all claims in this lawsuit, *there exist separate and distinct questions regarding Defendant Wal-Mart's liability for the alleged strict liability design defect, alleged duty to warn, and alleged negligence*." (Exhibit A at p. 11 (emphasis added)). Senior Judge Hugh Lawson made similar findings in ruling on Wal-Mart's motion to stay. (Exhibit B attached hereto, *Purvis v. Blitz U.S.A., Inc., et al.*, Case No. 7:11-df-111, United States District Court, Middle District of Georgia, Order, February 28, 2012). Judge Lawson found the rare

exception for "identity of interest" did not apply to Wal-Mart because "*there is no absolute indemnity* and the indemnity clause between Wal-Mart and Blitz is insufficient to demonstrate a 'close identity' to qualify for a stay as to both defendants." (Exhibit B at p. 4 (emphasis added)). Judge Lawson rejected Wal-Mart's hardship, judicial inefficiency and wasted resources arguments finding that "if anyone stands to suffer in this case, it would be the Plaintiff if this case were delayed indefinitely as Blitz progressed through its bankruptcy proceedings. (Exhibit B at p. 5). District Judge Tom S. Lee entered an order denying Wal-Mart's motion to stay for the same reasons. (Exhibit C attached hereto, *Kornegay v. Blitz U.S.A., Inc., et al.*, United States District Court, Southern District of Mississippi, Civil Action No. 3:10CV429TSL-MTP, Order, March 9, 2012, at p. 1). District Judge Susan C. Bucklew rejected Wal-Mart's identical arguments and deferred to the bankruptcy court finding that "the issue of whether the claims against Wal-Mart should be stayed due to their effect on Blitz's bankruptcy and re0organization would be best handled by the bankruptcy court, because the bankruptcy court is in the best position to analyze the issue." (Exhibit D attached hereto, *Melvin v. Blitz U.S.A., Inc. et al.*, United States District Court, Middle District of Florida, Case No. 8:11-cv-2542-T-24, Order, February 9, 2012, at p. 3-4).

**B.  BANKRUPTCY STAY PROTECTIONS DO NOT APPLY TO CO-DEFENDANTS OF A BANKRUPTCY DEBTOR AND JUDICIAL EFFICIENCY IS NOT SUFFICIENT GROUND**

The protections of 11 U.S.C. § 362 do not apply to co-defendants of a bankruptcy debtor. *Wedgeworth*, 706 F.2d at 544; *In re Lennington*, 286 B.R. 672, 674 (Bankr. C.D. Ill. 2001). The general discretionary power of district courts to stay proceedings in the interest of justice and in control of their dockets is insufficient grounds to issue a stay against a non-debtor. *Wedgeworth,* 706 F.2d at 545. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in

5

being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*. The Court in *Wedgeworth* held that the inevitable hardships which arise when a co-defendant files bankruptcy do not constitute cause for a stay:

> Similarly, there has been no showing of unfair prejudice resulting from potential questions or conflicts of jurisdiction between the bankruptcy courts and the district courts as to claims against the co-defendants. Any such "hardship" is inevitable where several courts must grapple with discrete parts of a pervasive and complex matter. Questions of contribution, indemnity and apportioned liability are serious issues which will neither self-destruct nor disappear. They will have to be confronted and resolved at some time in some forum. Defendants have not shown that any hardship complained of is the result of proceeding to trial now. Nor is there a showing that the difficulties inherent in the general situation, including potential judicial inefficiency, constitute a sufficient offset to the plaintiffs' rights to proceed without inordinate delay to a resolution of their claims.

*Id.* at 545-546.

Further, an indefinite stay including one that is "manifestly indefinite," because it is hinged on completion of the bankruptcy proceedings, is not permitted. *Id.*; see also *Klaff*, 1988 WL 142163 at *5 (finding that a court can "not properly grant an indefinite stay, or condition lifting the stay upon resolution of the bankruptcy proceedings" and that "such a stay would be immoderate"); *Wrzeskinski v. Martwick*, 1989 WL 122302, *2 (N.D. Ill. 1989) (finding that "courts have questioned the propriety of granting a stay that is of immoderate or indefinite duration").

The same automatic stay that prevents Plaintiff from trying to collect on her claims against Blitz also prevents Wal-Mart from pursuing its claims for indemnification against Blitz. (Dkt. 26-2 at 24). Plaintiff's claims against Wal-Mart are independent causes of action and there is no justification for extending a stay of proceedings to Wal-Mart. Blitz is not a necessary and

indispensable party to the claims against Wal-Mart. Plaintiffs in other courts have filed exploding gas can lawsuits in which Wal-Mart is the only named defendant. Plaintiff claims that Wal-Mart was sued in other similar cases before selling the gas can that exploded, severely injuring Plaintiff's son, that Wal-Mart knew or should have known of flame arrestor technology and that flame arrestors were necessary on consumer gas cans, and that it could and did influence the design of the gas can in this case sold without a flame arrestor.

C.  **THE STAYS OF *BANKRUPTCY COURTS* IN *A.H. ROBINS* AND OTHER CASES RELIED ON BY WAL-MART DO NOT APPLY HERE**

Since the 4th Circuit's decision in *A.H. Robins*, the 7th Circuit has "articulated two exceptions to the general rule that bars extension of the stay to nondebtors: the first is where there is sufficient identity between the debtor and nondebtor such that the litigation against the nondebtor threatens property of the estate, and the second is where the continuation of the proceedings against the nondebtor could cause irreparable harm to the debtor by diverting resources need [sic] for its reorganization." *In re Kmart Corp.*, 285 B.R. at 688 citing *In re Fernstrom Storage and Van Co.*, 938 F.2d at 736. Both exceptions require a finding of harm to the bankruptcy debtor's estate. The codefendant "must show that [debtor] will be irreparably harmed" if the suit is allowed to proceed. *In re Kmart Corp.*, 285 B.R. at 689.

In *555 M Manufacturing, Inc. v. Calvin Klein, Inc.*, 13 F.Supp.2d 719, 721 (N.D. Ill. 1998), a bankrupt defendant had agreed to indemnify its non-bankrupt co-defendant for "any and all losses, liability, damages, and expenses (including reasonable attorney's fees and expenses) which may arise in connection with [bankrupt defendant's] performance of this Agreement and transactions arising therefrom." The non-bankrupt defendant argued that it was entitled to a stay pursuant to § 362(a). *Id.* at 721. The court *denied* the non-bankrupt defendant's request for a stay, finding that the defendant had "failed to show that this case falls within one of the two

7

exceptions to the general rule that the automatic stay is available only to the bankruptcy debtor." *Id.* at 722. Speculating as to why the bankruptcy court did not grant a stay of the proceedings, the court stated that the bankrupt defendant may have obtained insurance which would cover any money the bankrupt defendant would owe to the non-bankrupt defendant, and that if that were true, "a stay of this proceeding would be both unnecessary and inappropriate." *Id.* The codefendant "failed to convince the court that it should grant a stay pursuant to its inherent power." *Id.* at 724.

"[T]he overwhelming majority of courts have held that [a] lawsuit is only stayed [under § 362(a)(1)] as to the bankruptcy party, not as to the non-bankrupt codefendants." *In re Richard B. Vance and Company*, 289 B.R. 692, 696-97 (Bankr. C.D. Ill. 2003) (citations omitted). The doctrine allowing extension of the automatic stay of § 362 to non-bankrupt parties should be "narrowly construed, appropriate only in extremely unusual circumstances." *Id.* at 697.

The two (2) exceptions to the general rule that stays are not extended to nondebtors which have adopted by the 7th Circuit are set forth in *In re Fernstrom* and *In re Kmart Corp*. These were stays issued by *bankruptcy courts*. The case relied upon by Wal-Mart, *A.H. Robins,* also involved a blanket stay extending protection to third-parties ordered by a *bankruptcy court* on debtor's motion. Only the bankruptcy court may, by virtue of its authority over the assets of the debtor's estate, issue a blanket stay extending to third parties in litigation in which the debtor is a party. See *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986). In this case, the bankruptcy court refused to issue a stay of litigation against Wal-Mart in spite of Blitz's agreement to indemnify, telling those present, *"I never have."* (Dkt. 26-2 at 23) Judge Walsh then reminded Blitz that if Blitz had any indemnification obligations to Wal-Mart, they were stayed. (Dkt. 26-2 at 24)

Additionally, the Court in *A.H. Robins* recognized that before litigation against a co-defendant with an indemnification agreement from the debtor may be stayed in a case where there is liability insurance in the debtor's estate, the *bankruptcy court* must determine that the insurance was inadequate to cover all claims:

> There is nothing in *In Re White Motor Credit*, 761 F.2d 270, 274 (6th Cir. 1985) in any way contrary to this conclusion; in fact, it sustains the construction of the statute adopted by us. In *White*, the parties were in agreement that the products liability insurance was adequate to cover all claims filed but the court cautioned that had this not been so, the result in that case would have been different:
> Were it not for the fact that all parties are in agreement that the insurance coverage is adequate to cover all filed claims, it would be necessary to liquidate all claims before any insurance was paid out; otherwise, some claimants would receive an unequal portion of the insurance assets of the debtor.

*A.H. Robins*, 788 F.2d at 1002.

Judge Gorman's Order correctly found that Judge Walsh considered the evidence that Blitz is very well-insured with liability insurance coverage in excess of $250 million for the period of time covering the 36 product liability claims existing at the time of the bankruptcy hearing. (Dkt. 34 at p. 3). There is no danger to Blitz's bankruptcy estate since the same automatic stay that prevents Plaintiff from trying to collect on her claims against Blitz also prevents Wal-Mart from pursuing its indemnification claim against Blitz. (Dkt. 26-2 at 24).

**D.   DISCOVERY BETWEEN PLAINTIFF AND WAL-MART SHOULD NOT BE STAYED**

Courts generally do allow discovery to proceed in a lawsuit after one of the defendants has filed a bankruptcy petition. The court in *In re Richard B. Vance & Co.* held that discovery should not be stayed, finding, "It is now generally accepted that discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor and even if the information discovered could later be used against the debtor." *In re Richard B. Vance & Co.*, 289 B.R. at 697; see also *In re Miller*, 263 B.R. 499, 507 (B.A.P. 9th

Cir. 2001) (finding that contempt sanctions could be imposed against debtor for not responding to a subpoena seeking discovery pertaining to claims against debtor's co-defendant).

### III.   CONCLUSION

For all of the above reasons, Plaintiff respectfully requests that this Court deny Wal-Mart's Objection to Magistrate Judge Gorman's February 21, 2012 Opinion and Order.

Respectfully submitted on this 15th day of March, 2012.

Respectfully submitted,

s/ Stacey L. Dungan
Stacey L. Dungan
Attorney for Plaintiff
Missouri Bar No. 37180
Breneman Dungan, LLC
311 Delaware
Kansas City, MO 64105
Phone (816) 421-0112
Fax (816) 421-0114
sd@litigationkc.com

### CERTIFICATE OF SERVICE

I certify that on March 15, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael T. Mullen, Stephen R. Kaufmann, and James W. Ozog.

/s   Stacey L. Dungan
Attorney for Plaintiff