E-FILED
Thursday, 15 March, 2012 01:12:28 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Robyn Smith for DevanVanbrunt,<br>a minor, by his mother and natural guardian,<br><br>Plaintiff,<br><br>v.<br><br>Blitz U.S.A., Inc. et al,<br><br>Defendants, | Civil No. 11-1771 (RHK/LIB)<br><br><br><br>**ORDER** |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon Plaintiff's Motion to Amend the Pleadings and Defendant's Motion for a Stay. For the reasons outlined below, Plaintiff's motion is granted and Defendant's motion is denied.

**I.  BACKGROUND**

Plaintiff Robyn Smith filed this action in Minnesota State Court alleging claims of design defect, failure to warn, and negligence against Defendant Blitz U.S.A., Inc. and claims of strict liability design defect, failure to warn, and negligence against Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc. (collectively "Wal-Mart"). (Notice of Removal [Docket No. 1], Ex. 1 ¶¶ 23-78). Plaintiff's claims arise out of an incident during which Plaintiff's son used a gas can to light a charcoal grill and allegedly sustained a severe injury. (Id. ¶ 12). On July 5, 2011, Defendants timely removed this matter to federal court on the basis of diversity jurisdiction. (Notice of Removal at 1-2). Subsequently, on November 15, 2011, Blitz U.S.A., Inc. filed a Notice of Suggestion of Pendency of Bankruptcy, which provided that Blitz U.S.A., Inc. and several of its separate but affiliated entities had commenced

1

bankruptcy cases in the United States Bankruptcy Court for the District of Delaware. (Docket No. 22 at 1). Pursuant to 11 U.S.C. § 362(a), the claims against Defendant Blitz U.S.A., Inc. were automatically stayed. (Id. at 1-2).

## II.   PLAINTIFF'S MOTION TO AMEND COMPLAINT

### 1. Standard of Review

If a party does not seek to amend their Complaint within the timing scope of Federal Rule of Civil Procedure 15(a)(1), the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Defendant here does not oppose the motion, because Defendant does not affirmatively consent to Plaintiff's desired amendment, Plaintiff must seek leave of the court. Leave to amend should be granted "when justice so requires." Id. The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Although, "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), the Court begins "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp.2d 1102, 1106 (D. Minn. 1998).

### 2. Discussion

Plaintiff seeks to amend her Complaint by adding one count for piercing the corporate veil against "corporate entities that have [allegedly] been used to funnel the corporate assets and

profits out of Defendant Blitz U.S.A., Inc." (Pl.'s First Amended Mot. for Leave to Amended Compl. [Docket No. 26] at 2). Plaintiff argues that the motion should be granted because it will not prejudice any current Defendant nor will it cause any undue delays in the case. (Id.) Defendant Wal-Mart provides that it "takes no position on the proposed amendment." (Resp. to Pl.'s Mot. for Leave to Amend Compl. [Docket No. 41] at 1). The Court agrees with Plaintiff and will grant her motion.

In her proposed first amended complaint, Plaintiff alleges that Kinderhook Capital Fund II, L.P., and Kinderhook Industries, LLC (collectively "Kinderhook Defendants"), formed Blitz Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz RE Holdings, LLC, and Blitz Acquisition LLC. (Pl.'s First Am. Compl. [Docket No. 26-1] ¶¶ 89-92). Plaintiff also alleges that on September 21, 2007, the Kinderhook Defendants issued a press release announcing their purchase of Blitz U.S.A., Inc. (Id. ¶ 95). After the purchase, the Kinderhook Defendants allegedly restructured the ownership of Defendant Blitz, U.S.A., Inc. and through a series of transactions, Blitz Holdings, LLC acquired all of the stock of Blitz Acquisition Holdings, Inc., Blitz RE Holdings, LLC, Blitz, U.S.A., Inc., and Blitz Acquisition, LLC. (Id. ¶ 96). Plaintiff alleges that the Kinderhook Defendants, as the parent of Blitz Holdings, LLC, own 75.2% of its capital stock, which in turn owns 100% of the capital stock of the remaining Blitz entities. (Id. ¶ 97). Plaintiff asserts that Christian P. Machalik, Managing Director of Kinderhook Industries, LLC, and Louis Aurelio, Vice President at Kinderhook Industries, LLC, have served on the Board of Directors of Blitz Holdings, LLC, and the other four Blitz entities. (Id. ¶¶ 99-100).

Plaintiff alleges that "[t]he limited liability afforded to the Kinderhook Defendants by virtue of its corporate form is a sham" because the Kinderhook Defendants "actively directed and controlled the daily activities of [the Blitz subsidiaries] and totally dominated them to such an

extent they functioned as mere instrumentalities and/or shell companies." (Id. ¶¶ 103, 116). Plaintiff also asserts that the Kinderhook Defendants disregarded corporate formalities between Blitz Holdings, LLC and each of its subsidiary companies in their actual operation in various ways. (Id. ¶ 105).

"A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (quoting Foman, 371 U.S. at 182). It is the opposing party's burden to show that it will be unfairly prejudiced. Id.

In this case, no Defendant opposes Plaintiff's motion. All claims against Defendant Blitz U.S.A., Inc. are automatically stayed pending the resolution of its bankruptcy case. (See Notice of Suggestion of Pendency of Bankruptcy [Docket No. 23] at 1). Defendant Wal-Mart does not oppose the motion. The Pretrial Order allowed parties to bring motions to amend so long as they were heard on or before January 1, 2012. (Pretrial Order [Docket No. 21] at 2). Although Plaintiff filed the motion to amend on December 30, 2011, the timing of the filing, given the necessary briefing, did not allow sufficient time to hear the motion within the deadline. Nevertheless, the Court finds that this alone is insufficient to deny Plaintiff's motion. Dennis, 207 F.3d at 525 ("[D]elay alone is insufficient to deny a motion for leave to amend."). Furthermore, the Pretrial Order states that the parties may conduct discovery until September 1, 2012. (Pretrial Order at 2). Because more than five months remain until the end of discovery and because no defendant opposes the motion, the Court finds that granting Plaintiff's motion will not cause prejudice to any Defendant, nor will it cause an undue delay in the case.

Additionally, there has been no showing of any bad faith or dilatory motive in either the bringing of the motion or its timing. Furthermore, the District Court for the Middle District of Tennessee, in a case against Blitz U.S.A., Inc, recently granted a similar motion to amend which sought to include the Kinderhook Defendants on a piercing the corporate veil claim. See Trevino v. Blitz U.S.A., Inc., Civ. 1:10-cv-00115 (M.D. Ten. Jan 11, 2012).

For the reasons set forth above, the Court grants the Plaintiff's Motion to Amend the Complaint.

## II. DEFENDANT WAL-MART'S MOTION TO STAY

Defendant Wal-Mart argues that a stay of the claims against it is appropriate in this case because: 1) an identity of interest exists between Wal-Mart and Blitz U.S.A., Inc.; and 2) judicial efficiency favors a stay. (Mem. in Supp. of Def.'s Mot. to Stay [Docket No. 29] at 5-9). The Court finds that neither ground provides a sufficient reason to stay the claims against Wal-Mart, and therefore, denies Defendant's motion.

### 1. The Identity of Interests Exception to § 362 Does not Mandate a Stay

Defendant Wal-Mart argues that the claims against it should be stayed because there is such an identity between Wal-Mart and Blitz U.S.A., Inc. that the real party defendant to the claims against Wal-Mart may be said to be Blitz U.S.A., Inc. (Id. at 5).

The well-settled law in this circuit provides that "stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." Am. Prairie Const. Co. v. Hoich, 560 F.3d 780, 789 (8th Cir. 2009). "Unless a case involves unusual circumstances . . . the bankruptcy court cannot halt litigation by non-debtors, 'even if they are in a similar legal or factual nexus with the debtor.'" Ritchie Capital Mgmt, L.L.C. v. Jeffries, 653 F.3d 755, 762 (8th Cir. 2011) (quoting Croyden Assocs. v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992)). Such

5

unusual circumstances are indeed rare and "typically arise where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" Id. (quoting McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 510 (3d Cir. 1997).

On this limited exception, and on the progeny of A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986), Defendant Wal-Mart argues that because an indemnification agreement exists in the supplier contract between Defendant Wal-Mart and Defendant Blitz U.S.A., Inc., a stay is appropriate. (Mem. in Supp. of Def.'s Mot. to Stay at 6). In A.H. Robins Co., the court stated that unusual circumstances permitting a stay may exist in a suit "against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." 788 F.2d at 999. However, the court's statement was in dicta only meant as an illustration of a situation that may involve unusual circumstances. In Ritchie, the Eighth Circuit, though not directly applicable to the facts in that case, cited with approval the illustration given by A.H. Robins Co. 653 F.3d at 763. However, the court appeared to adopt a somewhat different underlying standard for the exception: "the automatic stay will apply to non-debtors only when 'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'" Id. (quoting Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287-88 (2d Cir. 2003).

Before addressing whether the circumstances in this case fall within the limited exception delineated by the Eight Circuit regarding staying claims against non-debtors, the Court notes that Defendant Wal-Mart has failed to present any authority from this circuit which provides that such a stay may be granted by the District Court where the claims are pending, rather than the

6

bankruptcy court where the debtor's action is pending. Indeed, in Ritchie, on which Defendant Wal-Mart relies, the court specifically referenced the powers of the bankruptcy court to stay claims pursuant to the exception. 653 F.3d at 762 ("[t]he **bankruptcy court** can stay actions against any party, even a non-debtor"; "[u]nless a case involves unusual circumstances . . . the **bankruptcy court** cannot halt litigation by non-debtors"; "[t]he unusual circumstances in which the **bankruptcy court** can stay cases against non-debtors are rare."). Furthermore, Defendant Wal-Mart fails to provide authority that it, as the non-debtor, may even bring a motion to stay. See C.H. Robinson Co. v. Paris & Sons, Inc., 180 F. Supp.2d 1002, 1019 n.8 (N.D. Ia. 2001) (refusing to express an opinion "as to whether a non-debtor party can, in fact, move for such an extension, or whether such a motion may only be made by the debtor."); see also 555 M Mfg., Inc. v. Calvin Klein, Inc., 13 F. Supp.2d 719, 722 (N.D. Ill. 1998) (assuming, but not deciding that the non-debtor defendant had standing to raise the issue of whether a stay should be ordered pursuant to § 362). In this case, Defendant Blitz U.S.A., Inc. made a request to the Delaware bankruptcy judge, the Honorable Peter J. Walsh, to stay all claims nationwide against non-debtor defendants regarding claims involving the allegedly defective gas cans, but Judge Walsh denied the request. (See Docket No. 32-1 at 33-51). Nothing prevents Blitz, the non-debtor, from seeking a more specific stay from Judge Walsh regarding the specific claims and co-defendants involved in this case.

The provisions of § 362 were generally "intended to protect the debtor's assets and give it a 'breathing spell,'" which is distinct from any interests that a co-debtor might have. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir. 1983); Royal Truck & Trailer, Inc. v. Armodora Maritima Salvadorena, 10 B.R. 488, 491 (N.D. Ill. 1981) ("Congress' decision to specifically provide for stays against co-debtors under the New Code's Chapter 13 provisions

and Congress' apparent decision to not provide for similar relief under Chapter 11 lends further support to this court's conclusion that the automatic stay provisions in § 362(a) operated in favor of the bankrupt [defendant] only and not in favor of a co-debtor."). This Court finds that the issue of how the debtor's interests are best protected in this specific case is a question most appropriately brought before the bankruptcy court directly dealing with that issue and by the party seeking to protect its interest. See 555 M Mfg., Inc., 13 F. Supp.2d at 722 (explaining that the debtor and the bankruptcy court "are in a better position than [the non-debtor defendant] to determine whether a stay of [the] proceedings is necessary to further the above described purposes of section 362(a)").

Even assuming, however, this Court could grant the relief Defendant Wal-Mart seeks, and that Defendant Wal-Mart, as the non-debtor party could bring the motion, the Court finds that the facts of this case do not fall within the limited unusual circumstances exception that would be grounds for a stay. Although the Eighth Circuit appeared to adopt an "absolute immunity" exception in Ritchie, it also explicitly stated that "**unusual** circumstances in which the bankruptcy court can stay cases against non-debtors are **rare**." 653 F.3d at 762. This Court does not believe that the Eighth Circuit sought to espouse a standard under which every commercial party privy to an indemnification provision of a contract may halt all claims against it. Indemnification provisions are prevalent and even routinely common practice in commercial contracts. See Bunia v. Knight Ridder, 544 N.W.2d 60, 64 (Minn. Ct. App. 1996); United Artists Theatre Co. v. Walton, 315 F.3d 217, 230 (3d Cir. 2003). Whatever the definition of "absolute immunity," if the "unusual circumstance" exception is broadened to permit a stay any time that a contractual indemnification provision is at issue, given their prevalence in commercial transactions, then the exception would effectively become the rule. Therefore, such

8

a broad view cannot be what the court intended when it explained that stays relying on this exception are rare. That this would be a strained reading of the exception is further bolstered by the fact that Defendant Wal-Mart fails to cite a single case in which any district court has stayed the claims against a non-debtor specifically because a contract indemnified the non-debtor. The court's statement in A.H. Robins was in dicta. Defendant Wal-Mart's reliance on Reliant Energy Servs., Inc. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir. 2003) is also misplaced. In Reliant, the court did not stay the proceedings because of an indemnification provision, rather, the court merely pronounced that the Fifth Circuit has previously recognized the A.H. Robins "unusual circumstances" exception but that it "declined to extend it in [the previous] case because no claim of a formal tie or contractual indemnification had been made to create an identity of interests between the debtor and nondebtor." Id. It did not state that a contractual indemnification would automatically in all cases provide grounds to stay the claims against a non-debtor. Similarly, in In re W.R. Grace & Co., 386 B.R. 17, 32 (Bankr. D. Del. 2008), the bankruptcy court, in granting a stay to the non-debtor, specifically stated that "[n]o direct action statute ha[d] been asserted" against the non-debtor and its liability was "alleged to arise from its dealings with Debtors." In the present case, however, and under Minnesota law to be applied in this diversity based action, Plaintiff has asserted independent actionable torts on the part of Wal-Mart.

The Court does not believe that the claims against the non-debtor will have an immediate adverse economic consequence for the debtor's estate because Wal-Mart has not yet been found liable of any of the independent claims asserted against it, and furthermore, the question and extent of indemnification between Blitz U.S.A., Inc. and Wal-Mart will need to be determined at later time, should the issue arise. Furthermore, Defendant Wal-Mart has not yet made a showing

9

that the debtor's general liability insurance coverage would be inadequate to cover any indemnification that might ultimately be sought by Wal-Mart. Indeed, representations made to Judge Walsh suggest that Blitz U.S.A., Inc. was protected by substantial insurance coverage. (See Docket No. 32-1 at 42-47). Even where "a successful claim by [Plaintiff] against [a non-debtor defendant] would probably result in a lawsuit by [the non-debtor defendant] against the debtors seeking indemnification for [the non-debtor's] payment of the debtors' debt," the merits of that probable litigation are not [the plaintiff's] problem." In re TXNB Internal Case, 483 F.3d 292, 302 (5th Cir. 2007). Not every instance in which a party is privy to an indemnification agreement will require a stay of the claims against the indemnified party. See In re Uni-Marts, LLC, 399 B.R. 400, 416-17 (Bankr. D. Del. 2009) (denying a motion for a stay made by a non-debtor defendant who the debtor would have been required to indemnify); 555 M Mfg., Inc., 13 F. Supp.2d at 722 (same).

For the reasons stated above, the Court refuses to stay the claims against Defendant Wal-Mart based on the "unusual circumstances" exception to 11 U.S.C. § 362.

### 2. Interests of Judicial Efficiency Do not Necessitate a Stay

In the alternative, Defendant argues that the Court should stay the claims pursuant to its "inherent discretionary power to control its docket." (Mem. in Supp. of Def.'s Mot. to Stay at 7). Undoubtedly the Court has the power to do so. See Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Id. at 255. The Court finds that Defendant Wal-Mart's purported

concerns do not justify requiring Plaintiff in this case to stand aside on its direct claims against Wal-Mart until all proceedings in the bankruptcy court involving Defendant Blitz are concluded.

Defendant Wal-Mart first argues that if the claims are permitted to go forward, "duplicate discovery, multiple hearings, and inconsistent results will likely ensue causing inefficiencies and piecemeal litigation." (Mem. in Supp. of Def.'s Mot. to Stay at 7). The Court disagrees. Plaintiff has asserted independent tort claims against Defendant Wal-Mart. Though some common questions of fact may pervade all claims in this lawsuit, there exist separate and distinct questions regarding Defendant Wal-Mart's liability for the alleged strict liability design defect, alleged duty to warn, and alleged negligence.

Defendant Wal-Mart next argues that "one of the Debtor's Defendant's insurers has taken the position that policy proceeds of the Debtor Defendant's policy are property of the [bankruptcy] estate and that the automatic stay therefore precludes the insurer from advancing or paying policy proceeds for defense and/or settlement on behalf of Wal-Mart." (Id.) Defendant Wal-Mart argues that "[it] will be forced to litigate without the insurance protection that the Debtor Defendant is contractually obligated to provide." (Id.) However, this argument would perhaps be best addressed to the bankruptcy court in a request for a limited lifting of the stay to the extent of the available insurance policies covering Blitz. It is not a sufficient reason alone to stay the independent claims against Defendant Wal-Mart in this case. Though the nonbankrupt defendant may be required to "withstand the plaintiffs' assaults without [the bankrupt defendant's] presence, . . . [t]hat development may not be laid at the doorstep of the plaintiffs, nor is it likely to be a situation preferred by them." Wedgeworth, 706 F.2d at 546. As such, the Court is "persuaded that the requisite balancing of the competing interests involved in [this case]

weighs in favor of allowing" Plaintiff's independent claims against Defendant Wal-Mart to proceed. Id. at 545.

For these reasons, the Court refuses to stay the Plaintiff's claims against Defendant Wal-Mart pursuant to its inherent authority.

### III. CONCLUSION

NOW, THEREFORE, It is –

ORDERED:

1. That the Plaintiff's Motion to Amend the Pleadings[Docket No. 26] is **GRANTED**.
2. That the Defendant's Motion to Stay [Docket No. 28] is **DENIED**.

BY THE COURT:

Dated: March 2, 2012

s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE