# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MELVIN,

    Plaintiff,

v.                                           Case No. 8:11-cv-2542-T-24 TGW

BLITZ U.S.A., INC., ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on two motions: (1) Wal-Mart Stores East, L.P.'s Motion to Stay (Doc. No. 19), which Plaintiff opposes (Doc. No. 24); and (2) Wal-Mart Stores East, L.P.'s Motion to Seal Exhibit B (relating to the motion to stay) (Doc. No. 20). As explained below, both motions are denied.[1]

**I. Background**

Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff's sister bought a gas storage container manufactured by defendant Blitz USA, Inc. and sold by defendant Wal-Mart. On October 11, 2009, the gas storage container exploded while Plaintiff was filling the gas tank in his lawn mower, which caused him to suffer severe burns. Thereafter, on November 10, 2011, he filed the instant lawsuit, in which he originally asserted claims against twelve defendants: Blitz, USA, Inc., LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, Blitz RE Holdings, F3 Brands, LLC., Kinderhook Industries, LLC, and Kinderhook Capital Fund II, LP (collectively referred to as "Blitz"); Wal-Mart Stores, Inc., Wal-

---

[1] Review of Exhibit B is not necessary, and as such, Wal-Mart's motion to file the exhibit under seal is denied.

Mart Stores East, Inc., and Wal-Mart Stores East, L.P. (collectively referred to as "Wal-Mart"); and Discovery Plastics, LLC.

Plaintiff asserted five claims against Blitz USA, Inc.: (1) strict liability, (2) negligence, (3) breach of warranty, (4) piercing the corporate veil (which was asserted against all of the Blitz defendants), and (5) fraudulent transfer (which was asserted against all of the Blitz defendants). Additionally, Plaintiff asserted three claims against Wal-Mart: (1) strict liability, (2) negligence, and (3) breach of warranty. Finally, Plaintiff asserted two claims against Discovery Plastics (the manufacturer of the cap for the gasoline storage container): (1) manufacturing defects and (2) negligence.

However, a day before this lawsuit was filed, six defendants filed for bankruptcy—Blitz, USA, Inc., LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, Blitz RE Holdings, and F3 Brands, LLC. As a result, the case was automatically stayed against those defendants. Plaintiff chose to voluntarily dismiss the claims against the six defendants that filed for bankruptcy, as well the claims against defendants Kinderhook Industries, LLC and Kinderhook Capital Fund II, LP. Thus, Plaintiff's claims remain only as to Wal-Mart and Discovery Plastics.

During a hearing before the bankruptcy court in the Blitz entities' bankruptcy proceedings,[2] Blitz requested that the bankruptcy court enjoin the thirty-six products liability cases against non-debtors, such as Wal-Mart, relating to Blitz's products that were pending

---

[2]The Blitz entities filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. A transcript of the November 10, 2011 bankruptcy hearing is attached as Exhibit A to Document 19.

2

throughout the country. Blitz argued that because it had indemnification agreements with Wal-Mart covering product liability claims, the lawsuits should be enjoined so that a global resolution could be pursued that would allow for the reorganization of the Blitz debtors. The bankruptcy court denied the requested relief, stating that Wal-Mart should make such a request in the underlying product liability lawsuits, and if Wal-Mart's requests were denied, then the Blitz debtors could seek an injunction from the bankruptcy court with respect to those product liability cases. (Doc. No. 19, Ex. A, p. 34, 47). As a result, Wal-Mart filed the instant motion to stay the claims against Wal-Mart in this case.

## II. Motion to Stay

Wal-Mart argues that the claims against it should be stayed due to the identity of interests between Wal-Mart and Blitz.[3] Specifically, Wal-Mart contends that because Blitz must indemnify Wal-Mart for any liability relating to the gas storage container, the claims against Wal-Mart are really claims against Blitz. As such, Wal-Mart argues that because the claims against Blitz are automatically stayed pursuant to 11 U.S.C. § 362, and because the claims against Wal-Mart are really claims against Blitz, the claims against Wal-Mart should also be stayed. Plaintiff, however, responds that it is suing Wal-Mart for its own conduct in connection with the sale of the gas storage container, and as such, there is not an identity of interest between Wal-Mart and Blitz.

Upon consideration, the Court finds that the issue of whether the claims against Wal-

---

[3]This argument is based on A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994 (4th Cir. 1986), and its progeny. In A.H. Robins, the court addressed the circumstances in which an injunction of suits pending in other courts against non-debtor defendants is appropriate due to the bankruptcy of a co-defendant.

3

Mart should be stayed due to their effect on Blitz's bankruptcy and reorganization would be best handled by the bankruptcy court, because the bankruptcy court is in the best position to analyze the issue. See Gregus v. Plan 4 College, Inc., 2009 WL 3064664, at *2 (M.D. Fla. Sept. 18, 2009); Chicago Title Ins. Co. v. Lerner, 435 B.R. 732, 737 (S.D. Fla. 2010). Accordingly, the Court denies the motion to stay and will defer to the bankruptcy court.

Alternatively, Wal-Mart urges this Court to exercise its discretion to stay this case in the interest of judicial economy. The Court, however, is not persuaded that a stay is necessary.[4]

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Wal-Mart Stores East, L.P.'s Motion to Stay (Doc. No. 19) is **DENIED**.

(2) Wal-Mart Stores East, L.P.'s Motion to Seal Exhibit B (Doc. No. 20) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of February, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[4] This Court's denial of the requested stay should not be regarded as an opinion as to whether the bankruptcy court should enjoin the claims against Wal-Mart. This Court will defer to the bankruptcy court's decision on the issue, because the bankruptcy court is in the best position to analyze the effect of the claims against Wal-Mart on the Blitz debtors' bankruptcy and reorganizations.

4