**E-FILED**
Wednesday, 27 June, 2012  08:16:19 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| LORI SHICKEL and JORDAN SHICKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  11-cv-3380 |
| | ) | |
| BLITZ U.S.A., WAL-MART STORES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on two issues: the parties' briefs on the question of whether Defendants Blitz U.S.A., Inc., LAM 2011 Holdings, LLC f/k/a Blitz Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, Blitz RE Holdings, LLC, and F3 Brands, LLC (collectively, "Blitz Defendants") should be dismissed from this suit as a result of their pending bankruptcy proceeding (Docs. 32 & 36), and Defendant Wal-Mart's Objection to Magistrate Judge Gorman's Order denying Wal-Mart's Motion to Stay this matter pending resolution of the Blitz Defendants' bankruptcy (Doc. 35). For the reasons stated below, Magistrate Judge Gorman's Order is affirmed, and this matter is stayed as to Blitz for an additional 180 days.

Plaintiffs filed a Complaint against Defendants on October 10, 2011, alleging that Plaintiff Jordan Shickel was injured when a gas can he was holding near a fire pit caught fire and exploded. (Doc. 1). They allege that the gas can was manufactured by Blitz and sold by Wal-Mart, and make claims under the theories of

strict liability, negligence, breach of warranty, and the Illinois Family Expense Act against the Blitz Defendants and Wal-Mart. They also argue for piercing Blitz's corporate veil. On November 14, 2011, the Blitz Defendants filed a Suggestion of Bankruptcy, stating that they had filed voluntary bankruptcy petitions in Delaware. (Doc. 7). This case was therefore stayed as to the Blitz Defendants. (Doc. 8). In addition, the bankruptcy court stayed Blitz's "indemnification obligations." (Doc. 26, Ex. A at 23).

### OBJECTION TO MAGISTRATE JUDGE GORMAN'S ORDER

On January 17, 2012, Wal-Mart moved to stay all proceedings in this case in light of the bankruptcy stay as to the Blitz Defendants. (Doc. 26). Plaintiffs opposed this motion (Doc. 29), and Magistrate Judge Gorman issued an order denying Wal-Mart's motion on February 21, 2012 (Doc. 34). Wal-Mart moved for reconsideration of this order by this Court under 28 U.S.C. § 6363(b)(1) (Doc. 35); Plaintiff responded in support of Magistrate Judge Gorman's order (Doc. 37). As Magistrate Judge Gorman's order pertained to a non-dispositive issue, under § 6363(b)(1), this Court will set aside Magistrate Judge Gorman's order only if it is "clearly erroneous or contrary to law." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) (quoting FED. R. CIV. P. 72) (standard of review varies depending on whether the matter was dispositive).[1]

Magistrate Judge Gorman's order noted that Wal-Mart did not meet either exception to the general rule that the protections of the bankruptcy stay do not

---

[1]    In contrast, this Court's review of a Report & Recommendation on a dispositive issue is *de novo*. 28 U.S.C. § 636(b).

extend to the debtor's co-defendants. (Doc. 34 at 4-5 (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983); *in re Lennington*, 286 B.R. 672, 674 (Bankr.C.D.Ill.2001))). He found that Wal-Mart's reliance on the exception for the situation in which there is such identity between the debtor and the co-defendant that a judgment against the co-defendant will effectively be a judgment against the debtor was inappropriate, as Blitz's contractual obligation to defend and indemnify Wal-Mart does not create "the level of hardship sufficient to support an extension of the stay to a non-debtor." (Doc. 34 at 5 (citing *Wedgeworth*, 706 F.2d at 545; *Lennington*, 286 B.R. at 674)). Judge Gorman relied on Bankruptcy Judge Walsh's rejection of Wal-Mart's request that he extend the stay to cover it for all of the Blitz gas-can litigation on the fact that the Blitz Defendants are well-insured, and on the fact that Wal-Mart and Blitz occupy distinct positions, as manufacturer and retailer, with respect to Plaintiffs' claims against them. (Doc. 34 at 5-6).

Wal-Mart complains that Judge Gorman should not have relied on Bankruptcy Judge Walsh's decision, as it was not directed toward the particular litigation in this case. Instead, it asserts that Bankruptcy Judge Walsh held that for him to grant Wal-Mart a blanket stay for all cases involving the Blitz Defendants would be too broad, and recommended that Wal-Mart ask the individual trial courts presiding over these cases to determine whether a stay was appropriate. This Court finds that it would not be appropriate to base this Court's decision on whether to grant a stay to Wal-Mart on the fact that Bankruptcy Judge Walsh denied Wal-Mart's motion to be included in the stay for all cases involving it and the Blitz Defendants. That decision was explicitly based on the fact that each liability case

would involve different claims, under different states' laws, and would implicate different concerns; because of these differences, Bankruptcy Judge Walsh told Wal-Mart that, if it wished to have the liability cases stayed until the resolution of the Blitz bankruptcy, to ask the individual judges in each of the liability suits to grant a stay. It does appear that Magistrate Judge Gorman did rely to a certain extent on Judge Walsh's denial of the motion, as he stated that Judge Walsh's denial indicated that Judge Walsh "found no basis in bankruptcy law for encompassing Wal-Mart within the automatic stay" and that it showed that "proceeding against Wal-Mart in this Court would not, in [Judge Walsh's] view, adversely affect the Debtor, the Estate or the Plan." (Doc. 34 at 5-6). Judge Walsh found that it was not appropriate to extend a blanket stay to Wal-Mart for *all* of the liability litigation, as the various cases were likely too dissimilar for such an action. This Court notes that what Wal-Mart seeks here is distinct from its request before the Bankruptcy Court, and that Wal-Mart is not, in fact, asking this Court to "review" the order of the Bankruptcy Court. (Doc. 34 at 6). It is asking the Court to stay only this case, which is the possibility Bankruptcy Judge Walsh explicitly left open. However, the Court agrees with Magistrate Judge Gorman that Judge Walsh did not "recommend" that the trial courts issue such stays.

The trial courts must determine in each case whether a stay is appropriate. Aside from Bankruptcy Judge Walsh's order, Magistrate Judge Gorman rejected the request for a stay on two grounds: (1) Blitz has adequate liability insurance coverage to obviate any concerns that a judgment will deplete the debtor's estate in bankruptcy, and (2) the claims and facts against Blitz and Wal-Mart are distinct,

such that Blitz's participation is not necessary to determine Wal-Mart's liability to Plaintiffs. Magistrate Judge Gorman also noted that Wal-Mart's motion had failed to account for the effect of the stay on Plaintiffs.

In its Motion for Reconsideration, Wal-Mart argues that, under Illinois law, Plaintiff's claims for strict liability and breach of implied warranty, even as to Wal-Mart, turn solely on facts pertaining to Blitz and Blitz's conduct. Wal-Mart also again argues that the contractual obligation of Blitz to indemnify Wal-Mart for products liability suits means that a judgment against Wal-Mart is effectively a judgment against Blitz. In support of this argument, Wal-Mart cites to the February 22, 2012 decision from the District of South Carolina in another gas-can products liability suit against Blitz and Wal-Mart, holding that the matter should be stayed under this rationale. *Droney v. Blitz USA, Inc.*, 11-cv-1320, 2012 WL 572232 (D. S.C. Feb. 22, 2012). Finally, Wal-Mart argues that the case should be stayed until Blitz can participate, in order to avoid duplicative litigation with potentially inconsistent judgments, a second indemnification proceeding by Wal-Mart against Blitz, or Plaintiffs' later claims against Blitz being affected by the application of collateral estoppel.

In their Response to Wal-Mart's Objection, Plaintiffs argue that there is no "identity of interest" between Wal-Mart and Blitz that would justify a stay, as Wal-Mart has not shown that continuing would threaten the debtor's estate. They further cite to the opinions of four courts agreeing with Judge Gorman's ruling and allowing products liability cases against Wal-Mart and Blitz to continue without Blitz's participation, and argue that while there will be an overlap between the

claims against the two sets of Defendants, that does not preclude continuing without Blitz. (Doc. 37 at 4-5 (citing *Kornegay v. Blitz U.S.A., Inc., et al.*, No. 3:10-cv-429TSL-MTP (S.D. Miss. Mar. 9, 2012); *Smith v. Blitz U.S.A., Inc. et al.*, No. 11-1711: Doc. 60 (D. Minn. Mar. 2, 2012); *Purvis v. Blitz, U.S.A., Inc.*, 7:11-df-111, 2012 WL 645884 (M.D. Ga. Feb. 28, 2012); *Melvin v. Blitz U.S.A., Inc.*, 8:11-cv-2542-T-24, 2012 WL 415444 (M.D. Fla. Feb. 9, 2012))).

The Court has reviewed the opinions of the other courts facing gas can products liability actions against Wal-Mart and Blitz, and finds them instructive. The *Droney* decision, relied upon by Wal-Mart, found that there was enough of an "identity of interests" between Wal-Mart and Blitz to stay the case as to Wal-Mart during the bankruptcy proceeding. In *Kornegay*, *Smith*, *Purvis*, and *Melvin*, on the other hand, the courts came to the conclusion that the claims against Wal-Mart should go forward while Blitz's bankruptcy proceeded, notwithstanding the indemnity agreement and Wal-Mart's arguments about judicial efficiency.

In reviewing Judge Gorman's order denying the stay and the parties' briefs, the Court cannot conclude that the order was "clearly erroneous" or "contrary to law." Bankruptcy law does not require the imposition of a stay.[2] As noted above, the general rule is that a bankruptcy stay does not extend to the co-defendants of a debtor. There are two exceptions:

---

[2]    In fact, as noted by the *Smith* court, it is not clear that district courts are empowered to extend bankruptcy stays to non-debtor defendants under bankruptcy law (of course, district courts always have inherent authority to manage their own dockets, as discussed below), or whether the non-debtor defendant may bring a motion requesting such a stay. *See Smith*, No. 11-1711: Doc. 60 at 7-9 (D. Minn. Mar. 2, 2012) (citing, *inter alia*, *C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F.Supp.2d 1002, 1019 n. 8 (N.D. Ia. 2001); *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F.Supp.2d 719, 722 (N.D. Ill. 1998)).

The first is applicable where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." The second operates where the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan "irreparable harm."

*Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991). (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *In re North Star Contracting Corp.*, 125 B.R. 368, 370 (S.D. N.Y. 1991); *In re Lomas Fin.*, 117 B.R. 64, 67 (S.D. N.Y. 1990)). These two exceptions overlap to such an extent in this case that it is impracticable to conduct two distinct analyses – Wal-Mart's argument is that because Blitz is contractually obligated to indemnify it for any products liability judgments and defense costs, a finding against Wal-Mart will harm Blitz and its estate. The Court agrees with Judge Gorman that this argument does not mandate a stay under bankruptcy law.

First, as to the indemnity agreement between Wal-Mart and Blitz, this Court agrees with Judge Gorman that it neither creates a sufficient "identity of interests" between Blitz and Wal-Mart nor poses a sufficient risk of damage to Blitz or its bankruptcy estate. The mere existence of an indemnity agreement is not sufficient alone to create the necessary "identity of interests," as the only risk would be that Blitz may, at some future date, become liable to Wal-Mart pursuant to the agreement.[3] There is no judgment at this point, and no judgment is likely for quite

---

[3]   Notably, the *Purvis* court distinguished between contracts that provide for "absolute" indemnity of the co-defendant by the debtor, and those that do not, and found that where, "absolute" indemnity is not required by the contract, the indemnity provision is not a justification for extending the stay to the non-debtor defendant under the "identity of interests" exception. *Purvis*, 2012 WL 645884, *2.

some time. Wal-Mart can cover its defense costs for the time being, and can seek indemnification from Blitz later. It is not this Court's role to enforce the indemnity agreement, nor to protect Wal-Mart against legitimate litigation simply because of Wal-Mart's private agreement with Blitz. Plaintiffs are entitled to proceed while the claim and evidence are ripe.

This analysis is supported by the opinions of other district courts deciding this issue. As explained by the district court for the District of Minnesota, "the issue of how the debtor's interests are best protected in this specific case is a question most appropriately brought before the bankruptcy court directly dealing with that issue and by the party seeking to protect its interest." *Smith*, No. 11-1711: Doc. 60 at 8 (D. Minn. Mar. 2, 2012) (citing *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F.Supp.2d 719, 722 (N.D. Ill. 1998)). In *Melvin*, the Middle District of Florida noted that, when it denied the request to extend the stay or issue a blanket injunction protecting Wal-Mart from Blitz gas-can claims during the pendency of the litigation, the bankruptcy court granted the Blitz debtors leave to seek an injunction against cross-claims by Wal-Mart against Blitz for indemnification if Wal-Mart's requests for a stay were denied by the trial courts. *Melvin*, 2012 WL 415444, *1; (Doc. 26, Ex. A at 34). Even if Blitz's estate could potentially be harmed by a judgment or a suit for indemnification by Wal-Mart, there has, as yet, been no judgment, and the enforceability and extent of the indemnification agreement has not yet been determined; Wal-Mart has also not yet filed a cross-claim against Blitz, as predicted

---

The court determined that the Wal-Mart/Blitz indemnity agreement did not provide for "absolute" indemnity, and thus did not justify Wal-Mart's request for a stay. *Id*. The parties here have not fully litigated the terms of the agreement, and the Court will not proceed to analyze the agreement without Blitz's participation.

by the bankruptcy judge. *See Smith*, No. 11-1711: Doc. 60 at 9-10 (D. Minn. Mar. 2, 2012). If necessary, Blitz may ask the bankruptcy court to enjoin Wal-Mart from pursuing a cross-claim against it, as invited by the bankruptcy court.

Finally, as noted by Judge Gorman, Blitz has substantial insurance coverage, which may be sufficient to cover the costs of the products liability litigation and any judgments. (Doc. 34 at 5). Wal-Mart asserted that one of the insurers claims the insurance policy as property of the Blitz estate, but Judge Gorman correctly found that such a dispute is certainly within the purview of the bankruptcy court. *See also Smith*, No. 11-1711: Doc. 60 at 11 (D. Minn. Mar. 2, 2012).

In addition, this Court agrees with Judge Gorman that it is not appropriate to use the Court's discretionary power to grant Wal-Mart's request for a stay. While, as Wal-Mart notes, Illinois strict liability and implied warranty claims both turn on the condition of the product when it left the manufacturer's control, Blitz's participation is not necessary to resolve these claims against Wal-Mart. Manufacturers are not necessary parties to these suits, which often proceed against only the retailer. Blitz's participation is also unnecessary to the resolution of the negligence claim against Wal-Mart, which is premised on Wal-Mart's conduct. The Blitz Defendants can simply re-join this litigation for resolution of the claims against them when the bankruptcy stay is lifted; there is thus no significant risk of duplicative litigation.[4]

---

[4]    Though this Court's general practice is to dismiss parties that are under a bankruptcy stay after an initial six-month grace period, it will allow the debtor to remain in the suit where the parties show good cause. Local Rule 16.1(D). As discussed further below, the Court herein refrains from dismissing the Blitz Defendants.

Fundamentally, the question presented is whether Plaintiffs should be forced to delay the litigation of their claims in order to prevent any uncertainty in how Wal-Mart will eventually pay for the litigation and a potential judgment, and the Court does not believe that Plaintiffs should be the parties to bear this cost. The Court finds that Judge Gorman's order was not in error.

### WHETHER THE BLITZ DEFENDANTS SHOULD BE DISMISSED

Under Local Rule 16.1(D), the Court allows the parties 180 days from the initiation of the bankruptcy stay to show cause why the case should not be dismissed as to parties in bankruptcy proceedings because of the pending bankruptcy. If they cannot do so, or cannot obtain the permission of the bankruptcy court to proceed as to the parties in bankruptcy, the Court will dismiss the suit as to those parties. Pursuant to this rule, the Court directed the parties to submit briefs on the issue of whether the Blitz Defendants should be dismissed; both Plaintiff and Wal-Mart have submitted such briefs, but both argue that the case should continue to be stayed as to the Blitz Defendants, not dismissed.

In light of the parties' briefs, and the Court's ruling allowing the case to proceed against Wal-Mart, the Court will not dismiss the Blitz Defendants. Plaintiffs' primary argument is that dismissal of the Blitz Defendants will force them to run the risk of losing their claim due to the bar of the statute of limitations.

---

Wal-Mart asserts that multiple inconsistent outcomes are a troublesome possibility because (1) it may have to pursue its indemnification claims in this Court, and (2) Plaintiffs may pursue their claims against Blitz in this Court. (Doc. 35 at 10). Wal-Mart does not explain how these issues would be resolved by the extension of the stay, but even if both of these are true, the Court does not see why they will raise any significant risk of inconsistent verdicts, as the same Court will oversee all of the litigation.

Defendant Wal-Mart argues that Blitz should not be dismissed because its potential claim for indemnity against Blitz may later be time-barred if Blitz is dismissed. The Court agrees that neither party should be forced to run the risk of losing their claim to the statute of limitations simply because of the Blitz bankruptcy.

This case will therefore be stayed as to the Blitz Defendants, but continue as to Plaintiffs' claims against Wal-Mart. The parties are directed to submit a report on the status of the Blitz bankruptcy proceedings 180 days from the date of this Order. When the Blitz bankruptcy has concluded, or the bankruptcy judge has lifted the automatic stay, the Blitz Defendants will re-join this litigation.

### CONCLUSION

For the foregoing reasons, Magistrate Judge Gorman's Order (Doc. 34) is AFFIRMED, Wal-Mart's Motion for Reconsideration of that Order (Doc. 35) is DENIED, and this matter is STAYED as to the Blitz Defendants for an additional 180 days. The parties are DIRECTED to submit a report on the status of the Blitz bankruptcy proceedings 180 days from the date of this Order. This matter is REFERRED back to Magistrate Judge Gorman for further pretrial proceedings.

IT IS SO ORDERED.


Entered this <u>27th</u> day of June, 2012.

s/ Joe B. McDade

JOE BILLY McDADE

United States Senior District Judge
