E-FILED
Wednesday, 24 October, 2012  04:52:05 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| Lori Shickel, both individually and as Mother | ) | |
| And Next Friend of Jordan Shickel, a Minor | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11 CV 03380 |
| | ) | |
| Blitz, USA, Inc. LAM2011 Holdings, LLC | ) | |
| f/k/a Blitz Holdings, LLC, Klinderhook Capital | ) | |
| Fund II, L.P. Blitz Acquisition Holdings, Inc., | ) | |
| Blitz Acquisition LLC, Blitz RE Holdings, | ) | |
| LLC, F3 Brands, LLC, Wal-Mart Stores, Inc., | ) | |
| Wal-Mart Stores East, Inc., and Wal-Mart Stores | ) | |
| East, L.P. | | |

## REPORT OF RULE 26(f) PLANNING MEETING

1.      NATURE OF CASE

    (A)    Attorneys of Record

- Diane M. Breneman and Stacey Dungan, Breneman Dungan, LLC, counsel for Plaintiffs

- Michael T. Mullen, Paul B. Episcope, LLC, counsel for Plaintiffs

- James W. Ozog, Wiedner & McAuliffe, Ltd., counsel for Defendant, Wal-Mart Stores, Inc., incorrectly sued as Wal-Mart Stores East, Inc. and Wal-Mart Stores, East. L.P., ("Wal-Mart").

    (B)    Nature of Claims/Major Legal and Factual Issues/Relief Sought:

Plaintiffs filed a seven-count Complaint against Defendants Blitz, USA, Inc.[1] and Wal-Mart.  Plaintiffs' allegations against Wal-Mart sound in Strict Liability, Negligence and Breach of Warranty.  Plaintiffs seek damages for bodily injury arising out of an incident that occurred at the Yogi Bear Jellystone Park at 1467 Timberline Road, Goodfield, County of Woodford, Illinois.  Plaintiffs' Complaint alleges that at the time of the incident, minor Plaintiff was holding a gas can and pouring gas from the gas can into a fire pit.  Plaintiffs' Complaint further alleges that the minor Plaintiff set the gas can on the ground near said fire pit, when a flame flash from the fire pit to the gas can's spout caused a flame to emit from the gas can spout. As the minor plaintiff observed a flame being emitted from the

---

[1] Plaintiffs' claims in this action against Defendant Blitz have been stayed under 11 U.S.C.§362(a).

spout, minor plaintiff attempted to extinguish the flame by blowing on the flame as it was emitting from the gas can spout. The gas can then exploded covering the minor Plaintiff in burning liquid gasoline.

Defendant, Wal-Mart filed an Answer denying the material allegations of Plaintiffs' claims, and asserted various affirmative defenses, including contributory negligence against Plaintiff.

(C)     General Status of Case:

Plaintiff, Lori Shickel, individually and as Mother and Next Friend of Jordan Shickel, a minor (Plaintiffs) filed their Complaint in the United States District Court for the Central District of Illinois, Springfield Division on October 10, 2011.  On December 12, 2011, Wal-Mart filed its Answer to Plaintiffs' Complaint.  On January 13, 2012, Wal-Mart filed a Motion to Transfer the case to the Peoria Division pursuant to Local Rule 40.1 and on February 2, 2012, the Hon. Sue E. Myerscough granted the Motion to Transfer. On January 17, 2012, Wal-Mart filed a Motion to Stay Pending Resolution of Blitz USA, Inc.'s Bankruptcy Action. On February 21, 2012, Wal-Mart's Motion to Stay the proceedings was denied by the Hon. John A. Gorman. On June 27, 2012, the Hon. Joe Billy McDade affirmed Judge Gorman's decision to deny Wal-Mart's Motion to Stay the proceedings.

Plaintiffs' Complaint included Blitz USA, Inc., LAM 2011 Holdings, L.L.C. f/k/a Blitz Holdings, L.L.C., Kinderhook Capital Fund II, L.P., Blitz Acquisition Holdings, Inc., Blitz Acquisition, L.L.C., Blitz RE Holdings, L.L.C., and F3 Brands, L.L.C., as Defendants.   Blitz, USA, Inc. is alleged to be the manufacturer, designer and distributor of the gas container allegedly involved in the incident.  On November 9, 2011, Blitz U.S.A., Inc., LAM 2011 Holdings, L.L.C. f/k/a Blitz Holdings, L.L.C., Blitz Acquisition Holdings, Inc., Blitz Acquisition, L.L.C., Blitz RE Holdings, L.L.C., and F3 Brands, L.L.C. filed for bankruptcy protection in the U.S. Bankruptcy Court for the District of Delaware on November 9, 2011.   The bankruptcy proceedings are ongoing under the caption *In re Blitz U.S.A., Inc*., Chapter 11, Case No. 11-13603.    Plaintiffs' claims in this action against these Defendants have been stayed under 11 U.S.C. §362(a).

On December 2**,** 2011, Plaintiff voluntarily dismissed the action against Kinderhook Capital Fund II, L.P. without prejudice.

2.     PENDING MOTIONS

       NONE.

3.     REMAINING DISCOVERY

(A)    Discovery Completed to Date

    (i)    To date, no written discovery has been initiated or completed.  The depositions of Cara Rose, Daniel Gross, Jacque DeShommes, Ryan Underwood, David Kelly and Sally Stroud have been completed.

(B)    Proposed Discovery Plan

    (i)    The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by December 1, 2012.

    (ii)    Discovery will be needed on the following subjects:

        (A)    All allegations in Plaintiffs' Complaint, including whether the gasoline container was defective, whether the alleged defective gasoline container caused Plaintiff's damages, whether Wal-Mart sold the subject gas container and Plaintiff's medical treatment and bills.

        (B)    Wal-Mart's knowledge regarding vapor flash back explosions, flame arrestor technology, warnings, and other incidents of alleged gas can explosions.

        (C)    Wal-Mart's participation, influence and control over design of the subject gas can.

        (D)    Wal-Mart's failure to preserve evidence relevant to Plaintiffs' claims. Wal-Mart denies that it failed to preserve evidence and objects to discovery on this matter.

        (E)    All allegations and assertions in Defendant's Answer to the Complaint, including whether Plaintiff was contributorily negligent.

        (F)    The parties do not intend to limit the scope of discovery at this time.

    (iii)    Fact and expert discovery will be completed by:
    a.    Fact Discovery: April 30, 2013
    b.    Expert Discovery: August 30, 2013

    (iv)    Any proposed variations on the limits imposed by Rules 30 and 33 on deposition and/or interrogatory discovery:  The parties request that each side be allowed to take 15 depositions.

3

(v)     Reports from retained experts under Rule 26(a)(2) due:

    (A)     Plaintiffs' reports by:  May 31, 2013.

    (B)     Defendant's reports by: July 15, 2013.

(vii)   Protective orders:  Wal-Mart anticipates seeking a protective order regarding the discovery of proprietary and business confidential information.

4.     PRETRIAL/TRIAL PLAN

(A)     Dispositive motions shall be filed by: September 30, 2013.

(B)     Joinder of additional parties shall be completed by:  April 30, 2013.

(C)     Amendments of pleadings will be in accordance with Fed. R. Civ. P. 15 and subject to the discretion of the Court.

(D)     Proposed Pretrial Order (in the form required by Local Rule 16.1(a) or by the Standing Order of the presiding trial judge) shall be submitted by:  to be determined by the Court.

(E)     The case should be ready for trial by: November 11, 2013 and is expected to last approximately 14 days.

5.     MAGISTRATE JUDGE

(A)     At this time, the parties are not willing to execute a consent to have all proceedings, including, trial and entry of final judgment, take place before a magistrate judge.

6.     SETTLEMENT

(A)     There is ongoing mediation in the Blitz bankruptcy proceedings regarding all personal injury lawsuits pending against Blitz including this lawsuit. Defendant Wal-Mart is actively participating in the mediation.

7.     ELECTRONICALLY STORED INFORMATION

(A)      Parties anticipate that there will be the discovery of ESI in this case. The parties are aware of the Sedona Principles posted by Judge Gorman and are in the process of discussing a plan for the discovery of ESI.

8.     INADVERTENTLY-DISCLOSED  WORK  PRODUCT  OR  PRIVILEGED INFORMATION

3:11-cv-03380-JBM-JAG  # 41  Page 5 of 6

 

 

 

(A)     In the event a party inadvertently receives work product or privileged information and discovers that the information is protected, the discovering party shall immediately treat the information as confidential, notify the party who disclosed the information, and return said information to the party who inadvertently disclosed it or otherwise follow those procedures prescribed by FRCP 26(b)(5)(B).

 

 

 

 

___/s/ Diane M. Breneman
Diane M. Breneman
Counsel for Plaintiffs

 

 

__/s/ Michael T. Mullen
Michael T. Mullen,
Counsel for Plaintiffs

 

 

Date: <u>October 24, 2012</u>

 

 

/s/ James W. Ozog
Counsel for Defendant, Wal-Mart Stores, Inc.

 

Date: <u>October 24, 2012</u>

## <u>CERTIFICATE OF SERVICE</u>

TO:    Diane M. Breneman, Breneman Dungan, LLC, 311 Delaware, Kansas City, MO 64105 and Michael T. Mullen, Paul B. Episcope, LLC, 77 West Washington, St. Suite 300,    Chicago, IL 60602.

I, the undersigned, certify that I served the Report of Rule 26(f) Planning Meeting, via ECF system and U.S. Mail, to counsel listed above on this <u>24</u>th day of <u>October,</u> 2012.


Dated:  October 24, 2012


                                          /s/ James W. Ozog
                                          Attorney for Defendant, Wal-Mart Stores, Inc.


James. W. Ozog – 2130963
Wiedner & McAuliffe, Ltd.
One North Franklin, Suite 1900
Chicago, Illinois 60606
(312)855-1105